523 So.2d 209 (1988)
STATE of Louisiana
v.
Tyrone D. SANDERS.
No. 87-KK-1942.
Supreme Court of Louisiana.
April 11, 1988.
Frank J. Gremillion, for applicant.
William J. Guste, Jr., Atty. Gen., Bryan Bush, Jr., Dist. Atty., E. Kay Kirkpatrick, Asst. Dist. Atty., for respondent.
MARCUS, Justice.
David Tyrone Sanders was arrested and charged with attempted second degree murder. As a result of a plea bargain, the state agreed to reduce the charge and filed *210 a bill of information charging him with aggravated battery in violation of La.R.S. 14:34. Defendant entered a plea of guilty to that charge. The trial judge conducted a Boykin examination during which defendant was informed that he could be sentenced to serve up to ten years in jail and to pay a fine of not more than five thousand dollars. The trial judge accepted defendant's guilty plea finding that he understood the nature of the charge contained in the information and the consequences of his guilty plea. Thereafter, he sentenced defendant to serve five years at hard labor without benefit of probation, parole, or suspension of sentence under La.Code Crim.P. art. 893.1[1] and to two years at hard labor without benefit of parole, probation, suspension of sentence or credit for good time under La.R.S. 14:95.2.[2] He directed that the two-year sentence be served consecutive to the five-year sentence. Defendant did not appeal.
Defendant filed an application for post-conviction relief in the district court claiming that his guilty plea was involuntary because he was not informed that his sentence could be enhanced under La.R.S. 14:95.2. The trial judge dismissed his application without a hearing finding that he was informed during the Boykin examination of a possible penalty of ten years imprisonment and that the sentence imposed was within this range. The court of appeal granted defendant's application for writs and ordered an evidentiary hearing. The trial judge referred the case to a commissioner for a hearing. After the hearing, the commissioner took the matter under advisement. Meanwhile, defendant filed another application for post-conviction relief claiming that the state had not notified him in the bill of information or in writing before entering his guilty plea that he could be sentenced under La.R.S. 14:95.2 or La.Code Crim.P. art. 893.1. More than a year after the evidentiary hearing, the trial judge denied defendant's application for post-conviction relief. In denying defendant's application for writs, the court of appeal did not address defendant's Boykin claim; instead, it reviewed the legality of his sentence under State v. Jackson, 480 So.2d 263 (La.1985).[3] The court found that defendant was not entitled to relief because his conviction was final before our decision *211 in Jackson was announced. This ruling was consistent with then-existing law. On defendant's application, we granted certiorari to determine whether to afford full retroactivity to holding in Jackson that the additional penalties for the use of a firearm in the commission of an enumerated felony under La.R.S. 14:95.2 may not be imposed on an accused unless it is charged in the bill of information or indictment.[4]
At the time defendant was sentenced, the state was not required to separately charge an accused under La.R.S. 14:95.2 in order for the additional penalties to be imposed. State v. Roussel, 424 So.2d 226 (La.1982). This court in Jackson overruled its decision in Roussel reasoning that although La.R.S. 14:95.2 does not define a fully independent crime, it does define criminal activity and does provide for an independent or supplemental penalty. Accordingly, we held that the accused must be informed in the bill of information or indictment of the nature and cause of the accusation against him in order to be subject to the enhanced penalty provisions for use of a firearm in the commission of certain enumerated crimes under La.R.S. 14:95.2. Jackson, 480 So.2d at 268. In accordance with the United States Supreme Court's decision in United States v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), we afforded this holding partial retroactivity and held it applicable to convictions which had not become final upon first appellate review. Jackson, 480 So.2d at 268-69.
Recently, we clarified our decision in Jackson and held that the additional penalties under La.R.S. 14:95.2 may not be imposed on an accused unless it is charged in a separate count of the indictment or information. This separate charge must inform defendant of the substance of La.R.S. 14:95.2, namely, that additional penalties will be imposed for the use of a firearm or explosive device upon conviction of an enumerated felony. In addition, it should state the official or customary citation of the statute; however, error in the citation or its omission will not preclude enhancement of the sentence under La.R.S. 14:95.2. State ex rel. Larry Brisco v. Court of Appeal, First Circuit, 521 So.2d 396 (La. 1988). Because Brisco's conviction was not yet final at the time we decided Jackson, we were not called upon to determine whether our holding was entitled to full retroactivity.
In the instant case, the bill of information did not provide a separate charge informing defendant that additional penalties would be imposed for the use of a firearm upon conviction of an enumerated felony under La.R.S. 14:95.2. It simply alleged that defendant "committed a battery with a dangerous weapon, a pistol, upon Rickey Overton." Accordingly, if we find our holdings in Jackson and Brisco to be fully retroactive, the additional two-year penalty enhancing defendant's sentence must be vacated.
Generally, a new rule for the conduct of criminal prosecutions is to be applied to all cases pending on direct review or not yet final. See, e.g., Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); Shea v. Louisiana, 470 U.S. 51, 105 S.Ct. 1065, 84 L.Ed.2d 38 (1985); United States v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). Nonetheless, when a major purpose of the new rule is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function, it is given complete retroactive application. Hankerson v. North Carolina, 432 U.S. 233, 241, 97 S.Ct. 2339, 2344, 53 L.Ed.2d 306 (1977); see also Solem v. Stumes, 465 U.S. 638, 643-44, 104 S.Ct. 1338, 1341-42, 79 L.Ed.2d 579 (1984). Our decisions in Jackson and Brisco were based on the constitutional rights of an accused to be informed of the accusation *212 against him and to be given a fair opportunity to defend. The purpose of the new rule announced in those decisions was to overcome a fundamentally unfair procedure. La.R.S. 14:95.2 provides that any person who uses a firearm or explosive device in the commission or attempted commission of an enumerated felony shall upon conviction serve an additional penalty. The additional penalty is imposed based on evidence adduced at trial that a firearm or explosive device was used. This aspect of the truth-finding function is substantially impaired unless an accused is separately charged with La.R.S. 14:95.2 in the information or indictment.[5] The process by which a defendant's sentence is enhanced under La.R.S. 14:95.2 after pleading guilty to an enumerated offense is equally impaired in the absence of such notice. Moreover, a fully retroactive application of the Jackson-Brisco rule will not substantially affect the administration of justice. This is not a situation in which a conviction is reversed or a defendant retried; the only relief given is to vacate the additional penalty imposed under La.R.S. 14:95.2. In addition, statutory penalties for the use of a firearm in the commission of an offense are relatively new to our law. Only those cases in which a defendant's conviction was final between the 1977 effective date of La.R.S. 14:95.2 and our 1985 decision in Jackson would be affected. Under these circumstances, the costs imposed upon the state do not outweigh the benefits of full retroactivity.
Accordingly, our holding in Jackson and Brisco that the additional penalties under La.R.S. 14:95.2 may not be imposed on an accused unless it is charged in a separate count of the indictment or information is entitled to full retroactivity. To the extent that Jackson is inconsistent with this holding, it is overruled. Therefore, the additional two-year penalty enhancing defendant's sentence must be vacated.

DECREE
For the reasons assigned, the additional two-year penalty enhancing defendant's sentence under La.R.S. 14:95.2 is vacated.
COLE, J., dissents.
NOTES
[1] La.Code Crim.P. art. 893.1 provides:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[2] La.R.S. 14:95.2 provides:

A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, attempted aggravated kidnapping, or a violation of the Uniform Controlled Dangerous Substances Law, [footnote omitted] which is punishable by imprisonment, with or without hard labor, for five years or more, shall upon conviction serve a term of two years imprisonment for the first conviction and, upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
[3] Although defendant claimed that his guilty plea was involuntary under Boykin, he did not request withdrawal of his plea. Instead, he requested that his sentence be vacated and the case remanded for resentencing without use of La.R.S. 14:95.2 and La.Code Crim.P. art. 893.1. This remedy is available under Jackson, but not under Boykin.
[4] 517 So.2d 803 (La.1988). Additionally, we granted defendant's application to determine whether to afford complete retroactivity to our holding in Jackson that an accused is entitled to know in advance of trial by receipt of written notice from the prosecutor that the state intends to invoke La.Code Crim.P. art. 893.1. However, defendant was arrested on November 15, 1982 and has been incarcerated since that date. Because he has served over five years of his seven-year sentence, we need only address that part of our holding in Jackson concerning the additional two-year penalty imposed under La.R.S. 14:95.2.
[5] In State v. Allen, 496 So.2d 301, 304 n. 5 (La.1986), the author of the opinion, Justice Lemmon, noted that in his opinion "[w]hen a rule based on constitutional principles (such as the rule we formulated in Jackson pertaining to Section 95.2) is adopted by the court for the purpose of promoting the truth-finding function of a trial, the rule is generally given complete retroactive application."