769 So.2d 1170 (2000)
STATE of Louisiana
v.
Elgin Joseph NAQUIN, Jr.
Nos. 2000-K-0291, 2000-K-0296.
Supreme Court of Louisiana.
September 29, 2000.
*1171 PER CURIAM.
Granted. The decisions of the court of appeal in State v. Naquin, 99-0550 (La. App. 1st Cir.12/28/99) and State v. Naquin, 99-0083 (La.App. 1st Cir.1/24/00) are vacated, the defendant's convictions and sentences are conditionally affirmed, and this case is remanded to the district court for rehearing of the defendant's motion to quash.
In State v. Carlos, 98-1366, p. 7 (La.7/7/99), 738 So.2d 556, 559, this court held that the burden-shifting principles articulated in State v. Shelton, 621 So.2d 769 (La.1993), for multiple offender proceedings conducted under La.Rev.Stat. 15:529.1 "are logically applicable to the recidivist provisions of the DWI statute." La.Rev. Stat. 14:98. We therefore remanded the case to the district court to provide the defendant with the opportunity to meet the new burdens placed on him by our decision. Carlos, 98-1366 at p. 8, 738 So.2d at 560. The same rule and remedy govern this case. Although we have variously described the prior convictions used in recidivist DWI prosecutions as essential averments of the bill of information, State v. Montgomery, 250 La. 326, 195 So.2d 285, 287 (1967), and as essential elements of the offense, State v. Krause, 405 So.2d 832, 833 (La.1981), in Carlos we recognized that the constitutional validity of prior DWI guilty pleas, as opposed to proof of the fact of conviction, is a "question of law for the Court to decide...." Carlos, 98-1366 at p. 7, 738 So.2d at 560. Carlos therefore did not alter to the defendant's disadvantage the evidentiary rules governing proof of the charged offense before a jury. Cf. Carmell v. Texas, 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (retroactive application of a change in state evidentiary law with regard to corroboration requirement of a victim's testimony in cases of sexual assault violated Ex Post Facto Clause). New rules of constitutional criminal procedure apply retroactively to all cases subject to direct appeal at the time the new rule is announced. See Griffith v. Kentucky, 479 U.S. 314, 323, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("[I]t is the nature of judicial review that precludes [a court] from simply fishing one case from the stream of appellate review, using it as a vehicle for pronouncing new constitutional standards, and then permitting a stream of similar cases subsequently to flow by unaffected by that new rule.") (internal quotation marks and citation omitted); State v. Sanders, 93-0001, p. 22 n. 15 (La.11/30/94), 648 So.2d 1272, 1289 ("[S]ince Griffith, the Court has almost always applied the rule of Griffith to new state rules, at least in those cases where the decision in which the rule was announced did not state that the rule will have prospective application."); cf. State v. Wessinger, 98-1234, p. 20 (La.5/28/99), 736 So.2d 162, 181 (Because the decision to apply the contemporaneous objection rule for review of errors occurring at the sentencing phase of a capital case "affects the meting out of the most serious sanction our society can impose, this holding will be strictly applied prospectively only.").
In the present case, the minutes introduced by the state at the hearing on the motion to quash adequately established the fact of the defendant's conviction in March of 1988 for second offense DWI and that he had been represented by counsel. The state therefore satisfied its initial burden under Carlos and has no further burden *1172 of proving the constitutional validity of the guilty plea unless the defendant establishes "an infringement of his rights or a procedural irregularity in the taking of the plea." Carlos, 98-1366 at p. 7, 738 So.2d at 559. The defendant may appeal again from an adverse ruling in the district court at retrial of the motion to quash.