# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 05-1633


STATE OF LOUISIANA

VERSUS

DESMOND JOSEPH SENEGAL


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 103738
HONORABLE HERMAN C. CLAUSE, PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir and Marc T. Amy, Judges.

### CONVICTION AND SENTENCE VACATED; REMANDED.


**Michael Harson, District Attorney**
**David Hutchins, Assistant District Attorney**
**Lafayette Parish**
**P.O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**W. Jarred Franklin**
**3001 Old Minden Road**
**Bossier City, LA 71112-2426**
**(318) 232-5170**
**COUNSEL FOR DEFENDANT-APPELLANT:**
        **Desmond Joseph Senegal**

**COOKS, Judge.**

Defendant is before this court challenging his conviction and sentence for possession of cocaine, second offense, in violation of La.R.S. 40:967 and 40:982. For the reasons which follow, we vacate Defendant's conviction and sentence.

_____FACTS AND PROCEDURAL HISTORY

On July 2, 2004, after 10:00 p.m., Officer Brian Gilbert, assigned to the Lafayette street level narcotics unit, was patrolling in the vicinity of Sunnyside Street, a high crime area. Officer Gilbert testified he saw Defendant, Desmond Joseph Senegal, riding a bicycle with no headlight in the travel lane of a city street. Since there is a statute which requires bicycles to have headlights after dark, Officer Gilbert conducted a traffic stop. Upon speaking with Defendant, Officer Gilbert noticed he was nervous and began shaking. According to Officer Gilbert, Defendant was looking around, and the officer assumed he was looking for "a path of maybe an exit, if he was going to run."

A safety patdown search of Defendant was conducted by Officer Gilbert, during which Officer Gilbert noticed the Defendant was chewing on something. Officer Gilbert testified that it is common for street level drug dealers to consume narcotics in an attempt to destroy evidence. Prior to the patdown, Defendant did not want to talk or look at Officer Gilbert and this made Officer Gilbert believe that he might be destroying evidence. Officer Gilbert handcuffed Defendant for his safety and advised Defendant of his Miranda rights. He then asked Defendant to spit on the ground, which he did voluntarily. Officer Gilbert testified he noticed some white crumb residue in the saliva, so he took his business card and scraped it up off the ground. A field test conducted on the substance indicated the presence of cocaine. Officer Gilbert testified he then advised Defendant he was under arrest and he

detained him in his car while he secured the evidence. After being advised of his Miranda rights, Defendant stated that he had eaten two rocks of cocaine and that he was out trying to take care of his family.

Defendant was charged by bill of information with possession of cocaine, second offense, in violation of La.R.S. 40:967 and 40:982. Defendant waived his right to a jury trial and a bench trial was held. The trial judge convicted Defendant of the charged offense and ordered that a presentence investigation report be completed. Defendant was subsequently sentenced to serve five years at hard labor with credit for time served. Defendant is before this court challenging his conviction and sentence. Specifically, he contends the evidence was insufficient to convict him; that the evidence was illegally obtained; that his prior conviction should not have been included in the bill of information; and finally, that his sentence is excessive.

## I.   *Inclusion of Prior Conviction.*

Defendant contends it was improper for the State to include his prior conviction of distribution of counterfeit cocaine in the bill of information. Its presence in the bill made the trier of fact aware of the prior offense during trial, and Defendant contends the inclusion of the charge in the bill was improper pursuant to the supreme court's ruling in *State v. Skipper*, 04-2137 (La. 6/29/05), 906 So.2d 399. In *Skipper*, the defendant filed a motion to quash the bill of information charging him with a second drug offense under La.R.S. 40:982. The trial court granted the motion to quash and the state appealed. The supreme court held:

> [W]e hold that La. R.S. 40:982 should be treated as a sentencing enhancement provision after conviction, like La. R.S. 15:529.1, and not as a substantive element of the presently-charged offense. Specifically, the allegations of the prior offense must not be placed in the charging instrument of the second or subsequent drug-related offense nor may evidence of the prior offense be presented to the jury determining the defendant's guilt or innocence in the trial of the second or subsequent drug-related offense for the purpose of sentence enhancement under La.

R.S. 40:982.

> *State v. Murray*, 357 So.2d 1121 (La.1978), and any appellate decisions, as discussed herein, which stand for the proposition that a prior conviction must be placed in the charging instrument of the second or subsequent drug-related offense or proved to the jury in order to enhance the sentence of a drug-related felony under La. R.S. 40:982, are hereby overruled.

> So finding, we hold that the trial court properly granted the motion to quash the bill of information in this matter as the state misapplied La. R.S. 40:982 by placing the allegation of the prior offense in the bill of information. The ruling of the trial court on the motion to quash is AFFIRMED.

*Id.* at 416-17.[1]

In reaching its conclusion, the *Skipper* court found that La.R.S. 40:982 "does not in and of itself define a crime." *Id.* at 416. Defendant's failure to file a motion to quash contesting the inclusion of La.R.S. 40:982 in the bill does not preclude this court from reviewing this issue. Comment (b) to La.Code Crim.P. art. 535 provides that a motion to quash based on the grounds that the offense is not punishable under a valid statute is "within the scope of appellate review without prior objection, under Art. 920(2), since it is an error discoverable by a mere inspection of the pleadings and proceedings and without the inspection of evidence."

The Defendant in the present case was convicted and awaiting sentencing when the *Skipper* ruling was issued. Thus, we first address whether the decision should be retroactively applied to Defendant.

In *State ex rel. Taylor v. Whitley*, 606 So.2d 1292 (La.1992), *cert. denied*, 508 U.S. 962, 113 S.Ct. 2935 (1993), the supreme court traced the evolution of United States Supreme Court cases addressing the retroactivity of new rulings to cases final

---

[1]In *Skipper,* the case was in a pretrial stage when the issue concerning the inclusion of the prior offense in the bill of information was raised. The supreme court noted that it was not called upon to discuss the applicability of a harmless error analysis or the "possible ameliorative effects of a limiting instruction post-*Green*, to circumstances in which a prior offense was listed in the charging instrument, read to the jury and of which evidence was presented at trial." *Id.* at 416.

at the time the new ruling was rendered as well as those that were pending on direct review at the time the new ruling was issued.[2]  In doing so, the court discussed Justice Harlan's suggestion of a new test for retroactivity in *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160 (1971).  The *Taylor* court explained:

> Accordingly, he proposed a general principle whereby "all constitutional errors not waived or harmless are correctable on habeas and by defining such errors *according to the law in effect when a conviction became final*." [*Mackey*] *Id*. at 692, 91 S.Ct. at 1179 (emphasis added).  Under this general principle, new rules would not be given retroactive effect on collateral review, although they would be applied to cases pending on direct review.  However, Justice Harlan created two exceptions in which he would give retroactive effect to new rules on collateral review.  The first exception involved new substantive due process rules — i.e., rules placing certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe.  The second exception referred to new rules which required observance of "those procedures that . . . are implicit in the concept of ordered liberty" and altered our understanding of the "bedrock procedural elements" of a fair trial. . . .
>
> In the next several years, the Court began to gradually move away from *Linkletter* and toward the analysis suggested by Justice Harlan. The Court began by adopting Justice Harlan's view that a new rule should be applied retroactively to all cases pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987);  *United States v. Johnson*, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).

*Id.* at 1294.

The Supreme Court, in *Griffith v. Kentucky*, 479 U.S. 314, 327, 107 S.Ct. 708, 716 (1987), held "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rulee constitutes a 'clear break' with the past."

The *Taylor* court also discussed pertinent Louisiana court rulings on

---

[2]In *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708 (1987), the Supreme Court defined the finality of a conviction as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally decided." *Id.* at 712 (footnote 6).

retroactivity:

> Turning now to our state law decisions on retroactivity, we find they have also recognized the principle that the constitution does not prohibit nor require courts to give retroactive application to criminal law decisions. *State v. St. Pierre*, 515 So.2d 769, 774 (La.1987). Our cases decided after *Linkletter* reflect the confused state of the law under that case.
>
> . . . .
>
> Subsequently, our cases have followed *Griffith v. Kentucky*, *supra*, and have applied new rules to cases pending on direct review or not yet final. *See State v. Sanders*, 523 So.2d 209 (La.1988); *State v. St. Pierre*, 515 So.2d 769 (La.1987). In fact, we recently applied the *Cage* rule to a case pending on direct appeal at the time *Cage* was rendered. *State v. Smith*, 600 So.2d 1319, 1326 n. 5 (La.1992).

*Taylor*, 606 So.2d at 1296.

*See also State v. Naquin*, 00-291 (La.9/29/00), 769 So.2d 1170 and *State v. Ford*, 26,422 (La.App. 2 Cir. 9/21/94), 643 So.2d 293, wherein the courts, relying on *Griffith*, 479 U.S. 314, applied a new ruling to a case pending on appeal.

In light of the foregoing jurisprudence, *Skipper* should be retroactively applied to Defendant's case. When *Skipper* was decided, Defendant had been tried and convicted and was awaiting sentencing. Clearly, his conviction was not yet final and the foregoing jurisprudence supports the retroactive application of *Skipper* to his case.[3] Thus, under *Skipper* it was error for the State to include the prior offense in the bill of information.

Because Defendant was convicted pursuant to La.R.S. 40:982, which is not a substantive criminal offense under *Skipper*, he was convicted of a non-existent crime. Since possession of cocaine, second offense is a "non-crime," the conviction and sentence for a violation of La.R.S. 40:982 must be vacated. Further, we find a

---

[3] It is unnecessary to decide in this case whether the ruling in *Skipper* should be retroactively applied to a case in which the defendant's conviction was final at the time the ruling was issued.

harmless error review under *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, is inapplicable.[4]

## DECREE

For the foregoing reasons, Defendant's conviction and sentence are vacated. Since Defendant was convicted of a non-existent crime there is no double jeopardy bar to re-trial and we remand this case to the district court for further proceedings.

## CONVICTION AND SENTENCE VACATED; REMANDED.

_____

[4] We also note that in our view the inclusion of a prior conviction can never be harmless error. In *State v. Prieur*, 277 So.2d 126, 128 (La. 1973), the Louisiana Supreme Court recognized the prejudicial effect of the introduction of prior convictions, stating:

> The admissibility of other acts of misconduct involves substantial risk of grave prejudice to a defendant. As to the prejudicial effect of evidence of other crimes, Wigmore says:

> > '* * * The natural and inevitable tendency of the tribunal--whether judge or jury--is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge. * * * ' 1 Wigmore, Evidence § 194 (3rd Ed.).

This court in *State v. Williams*, 96-476 (La.App. 3 Cir. 4/30/97), 693 So.2d 870, 873, *writ denied*, 97-1365 (La. 10/31/97), 703 So.2d 20, also stated its concerns with listing prior convictions in a bill of information:

> In our view, a prior conviction that is not an element of the substantive offense should not be alleged in a bill of information. It offends the notion of a fair trial. It is naive to think that its prejudicial impact is somehow vitiated by a limiting jury instruction. . . This statute, La.R.S. 40:982 . . . is a sentencing mechanism. Sentencing is not a jury function; it is a judge function. The jury has no business hearing evidence of the conviction of another crime for the purpose of enhancing a defendant's sentence because it has nothing to do with what sentence will be imposed.

-6-