# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-167

STATE OF LOUISIANA

VERSUS

TIMOTHY E. ROBERTSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 04-575
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**CONVICTION AND SENTENCE VACATED.
REMANDED FOR FURTHER PROCEEDINGS.**

James Patrick Lemoine
District Attorney - Parish of Grant
James D. White, Jr.
Assistant District Attorney - Parish of Grant
P. O. Box 309
Colfax, LA 71417
Telephone: (318) 627-3205
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Richard Emile deVargas
506 Front Street
Natchitoches, LA 71457
Telephone: (318) 354-8222
COUNSEL FOR:
    Defendant/Appellant - Timothy E. Robertson

THIBODEAUX, Chief Judge.

The Defendant, Timothy E. Robertson, appeals his jury conviction for the creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine, second offense, in violation of La.R.S. 40:983(A)(3) and 40:982.

He challenges the sufficiency of the evidence presented at trial, the denial of his motion to suppress, the trial court's admission of evidence of other crimes, and the denial of his motion to quash. Because we find merit in the Defendant's latter two contentions, we vacate the Defendant's conviction and sentence and remand for further proceedings. Louisiana Revised Statutes 40:982[1] does not define a crime and should not have been included in the bill of information as a substantive offense. We apply *State v. Skipper*, 04-2137 (La. 6/29/05), 906 So.2d 399 retroactively.

Defendant contends the State improperly included La.R.S. 40:982 in the amended bill of information and that the presentation of evidence concerning his prior conviction denied him a fair trial, in violation of *Skipper*, 906 So.2d 399. Thus, he contends his motion to quash was improperly denied.

At the hearing on the motion to quash, the trial court, following jurisprudence from this court, ruled that La.R.S. 40:982 had to be charged in the bill of information as it was an element of the crime. After Defendant was convicted and sentenced, the Louisiana Supreme Court issued its opinion in *Skipper*.

---

[1]Louisiana Revised Statutes 40:982 reads in pertinent part:

> A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.

In *Skipper*, the defendant filed a motion to quash the bill of information charging him with a second drug offense under La.R.S. 40:982. The trial court granted the motion to quash and the State appealed. The supreme court held:

> [W]e hold that La.R.S. 40:982 should be treated as a sentencing enhancement provision after conviction, like La.R.S. 15:529.1, and not as a substantive element of the presently-charged offense. Specifically, the allegations of the prior offense must not be placed in the charging instrument of the second or subsequent drug-related offense nor may evidence of the prior offense be presented to the jury determining the defendant's guilt or innocence in the trial of the second or subsequent drug-related offense for the purpose of sentence enhancement under La.R.S. 40:982.
>
> *State v. Murray*, 357 So.2d 1121 (La.1978), and any appellate decisions, as discussed herein, which stand for the proposition that a prior conviction must be placed in the charging instrument of the second or subsequent drug-related offense or proved to the jury in order to enhance the sentence of a drug-related felony under La.R.S. 40:982, are hereby overruled.
>
> So finding, we hold that the trial court properly granted the motion to quash the bill of information in this matter as the state misapplied La.R.S. 40:982 by placing the allegation of the prior offense in the bill of information. The ruling of the trial court on the motion to quash is AFFIRMED.

*Id.* at 416-17.

In reaching its conclusion, the *Skipper* court found that La.R.S. 40:982 "does not in and of itself define a crime." *Id.* at 416.

*Skipper* was in the pretrial stage when the issue concerning the inclusion of the prior offense in the bill of information was raised. The supreme court noted that it was not called upon to discuss the applicability of a harmless error analysis or the "possible ameliorative effects of a limiting instruction post-*Green*, to circumstances in which a prior offense was listed in the charging instrument, read to the jury and of which evidence was presented at trial." *Id.* at 416 n. 23.

The State points out that the status of *Skipper* is different than in this case in that *Skipper* was decided pre-trial. It contends that a harmless error analysis should be conducted and that the error was harmless in this case.

The Defendant in the present case had been convicted and sentenced when the *Skipper* opinion was issued. Thus, we will first address whether the decision should be retroactively applied to Defendant before proceeding with a discussion of the applicability of a harmless error analysis.

In *State ex rel. Taylor v. Whitley*, 606 So.2d 1292 (La.1992), *cert. denied*, 508 U.S. 962, 113 S.Ct. 2935 (1993), the supreme court traced the evolution of United States Supreme Court cases addressing the retroactivity of new rulings to cases final at the time the new ruling was rendered as well as those that were pending on direct review at the time the new ruling was issued.[2] In doing so, the supreme court discussed Justice Harlan's suggestion of a new test for retroactivity in *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160 (1971):

> Accordingly, he proposed a general principle whereby "all constitutional errors not waived or harmless are correctable on habeas and by defining such errors *according to the law in effect when a conviction became final*." *Id*. at 692, 91 S.Ct. at 1179 (emphasis added). Under this general principle, new rules would not be given retroactive effect on collateral review, although they would be applied to cases pending on direct review. However, Justice Harlan created two exceptions in which he would give retroactive effect to new rules on collateral review. The first exception involved new substantive due process rules—i.e., rules placing certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe. The second exception referred to new rules which required observance of "those procedures that . . . are implicit in the concept of ordered liberty" and altered our understanding of the "bedrock procedural elements" of a fair trial. . . .

---

[2]In *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708 (1987), the Supreme Court defined the finality of a conviction as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally decided." *Id.* at 712 n. 6.

In the next several years, the Court began to gradually move away from *Linkletter* and toward the analysis suggested by Justice Harlan. The Court began by adopting Justice Harlan's view that a new rule should be applied retroactively to all cases pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *United States v. Johnson*, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).

*Taylor v. Whitley*, 606 So.2d at 1294.

The Supreme Court in *Griffith v. Kentucky*, 479 U.S. 314, 327, 107 S.Ct. 708, 716 (1987), held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."

The *Taylor* court also discussed pertinent Louisiana court rulings on retroactivity:

Turning now to our state law decisions on retroactivity, we find they have also recognized the principle that the constitution does not prohibit nor require courts to give retroactive application to criminal law decisions. *State v. St. Pierre*, 515 So.2d 769, 774 (La.1987). Our cases decided after *Linkletter* reflect the confused state of the law under that case.

. . . .

Subsequently, our cases have followed *Griffith v. Kentucky, supra*, and have applied new rules to cases pending on direct review or not yet final. *See State v. Sanders*, 523 So.2d 209 (La.1988); *State v. St. Pierre*, 515 So.2d 769 (La.1987). In fact, we recently applied the *Cage* rule to a case pending on direct appeal at the time *Cage* was rendered. *State v. Smith*, 600 So.2d 1319, 1326 n. 5 (La.1992).

*Taylor*, 606 So.2d at 1296.

There are at least two more recent cases in which the supreme court and second circuit, relying on *Griffith*, applied a new ruling to a case pending on appeal. *See State v. Naquin*, 00-291 (La. 9/29/00), 769 So.2d 1170 and *State v. Ford*, 26,422

(La.App. 2 Cir. 9/21/94), 643 So.2d 293. *Skipper*, in our view, announced a "new rule" in that the result in *Skipper* was not dictated by existing precedent.

In light of the foregoing jurisprudence, *Skipper* is retroactively applied to Defendant's case. When *Skipper* was decided, Defendant had been convicted and sentenced and his motion to reconsider sentence was pending. Clearly, his conviction was not yet final and the foregoing jurisprudence supports the retroactive application of *Skipper* to his case.[3] Thus, it was error for the State to include the prior offense in the bill of information.

Because operation of a clandestine laboratory, second offense, is a "non-crime," as expressed in the jurisprudence, the conviction and sentence for a violation of La.R.S. 40:982 should be vacated. Such convictions do not bar retrial pursuant to double jeopardy protections. Therefore, we remand this case for further proceedings. *State v. Campbell*, 95-1409 (La. 3/22/96), 670 So.2d 1212.

In *Skipper,* the defendant was originally charged by bill of information with violating La.R.S. 40:967, and the State amended the bill to additionally charge a violation of La.R.S. 40:982. Thus, it appears the amended bill contained *both* charges. The trial court quashed the amended bill. Assuming that the amended bill contained both charges, then by affirming the trial court's ruling, the supreme court apparently agreed that both charges should be quashed, rather than the La.R.S. 40:982 charge alone. In the past, the supreme court has held that only a *portion* of a bill which contained a duplicitous charge needed to be quashed, rather than the entire bill. *See State v. Coody*, 448 So.2d 100 (La.1984). Thus, the *Skipper* court's decision to

---

[3]It is unnecessary to decide in this case whether the ruling in *Skipper* should be retroactively applied to a case in which the defendant's conviction was final at the time the ruling was issued.

uphold the quashing of the amended bill implies that the supreme court views La.R.S. 40:967 and La.R.S. 40:982 as non-severable.[4]

We note that our court has recently applied *Skipper* retroactively and has held that it is error to include a prior offense in the bill of information if a defendant's conviction is not yet final. *State v. Senegal*, 05-1633 (La.App. 3 Cir. 5/24/06), ___ So.2d ___.

## CONCLUSION

Pursuant to *Skipper*, 906 So.2d 399, La.R.S. 40:982 does not state a substantive crime. Therefore, the conviction and sentence are vacated. Since Defendant was convicted of a non-crime, there is no double jeopardy bar to retrial. *See, e.g., Campbell*, 670 So.2d 1212.

**CONVICTION AND SENTENCE VACATED. REMANDED FOR FURTHER PROCEEDINGS.**

---

[4]We decline the State's invitation to apply a harmless error analysis to this case. Since the statutes in the bill of information are not severable, the Defendant was convicted of a non-crime. Hence, the harmless error analysis is inapplicable.

6