NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0284

STATE OF LOUISIANA

VERSUS

ROLAND JOSEPH PELTIER, JR.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. CR-95374,
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Chief Judge Ulysses Gene Thibodeaux and Judges Jimmie C. Peters and J. David Painter.

**MANSLAUGHTER CONVICTION AND SENTENCE AFFIRMED; POSSESSION OF COCAINE, SECOND OFFENSE CONVICTION VACATED; REMANDED FOR FURTHER PROCEEDINGS.**

David F. Hutchins
Assistant District Attorney
Fifteenth Judicial District
Post Office Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

W. Jarred Franklin
Louisiana Appellate Project

**3001 Old Minden Road**
**Bossier City, LA  71112**
**(318) 746-7467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Roland Joseph Peltier, Jr.**

PETERS, J.

The defendant, Roland Joseph Peltier, Jr., was originally charged by bill of information with one count of second offense possession of cocaine, a Schedule II controlled dangerous substance, in the amount of more than 200 grams but less than 400 grams of cocaine, a violation of La.R.S. 40:967 and 40:982; one count of transactions involving proceeds from drug offenses, a violation of La.R.S. 40:1049(D); one count of manslaughter, a violation of La.R.S. 14:31; and one count of possession of drug paraphernalia with intent to use said paraphernalia, a violation of La.R.S. 40:1033(C). He now appeals his convictions of the possession of cocaine charge and the manslaughter charge. For the following reasons, we affirm the manslaughter conviction and sentence in all respects, but vacate the possession of cocaine conviction and remand the matter to the trial court for further proceedings.

**DISCUSSION OF THE RECORD**

The criminal charges against the defendant arise from a 2002 undercover investigation by the Metro Narcotics Task Force of Lafayette, Louisiana, which led to a stakeout of the defendant's Lafayette home in early June of 2002. The evidence against the defendant consisted primarily of the testimony of a number of law enforcement officers involved in the undercover investigation, and most of that testimony is not disputed.

The evidentiary record establishes that on June 4, 2002, Officers Kane Marceaux and Shane Carter had the defendant's home under surveillance because of information Officer Marceaux had received from a confidential informant concerning the defendant's involvement in drug trafficking. Sometime between 11:00 a.m. and noon on that day, as the two men sat in an unmarked police vehicle outside the defendant's home, Officer Marceaux placed a call to the defendant's cellular

telephone. A man answered the telephone, and Officer Marceaux informed the man that he was at Desperado's, a strip club located in Carencro, Louisiana, and that he wanted to purchase $200.00 worth of cocaine. Officer Marceaux testified that the man responded that he was on the way to Desperado's to deliver drugs to some of the strippers and that he would meet with the officer there and deliver the requested cocaine.

According to Officer Marceaux, within five minutes after the telephone conversation ended, the defendant exited the house and drove away in a truck. The two officers followed the truck and observed the defendant turn north on Thruway 49 in the direction of Desperado's.[1] Having anticipated the defendant's response to his request to purchase cocaine, Officer Marceaux had arranged for other officers to participate in arresting the defendant. Two of those officers, Trampus Gaspard and Randall Leger, were driving separate, unmarked police units, and a third officer, Joey Hunt, was driving a marked Lafayette Parish Sheriff's Office vehicle. The plan was to have Officer Hunt make an investigatory stop of the defendant's vehicle before he reached the strip club and to have the other units available to provide backup support to Officer Hunt.

The plan did not unfold as anticipated because, as the various vehicles traveled north on Thruway 49, Officer Gaspard's vehicle inadvertently came to a stop at a red light immediately adjacent to the defendant's vehicle. Officer Gaspard testified that when he and the defendant made eye contact, he realized that the defendant had recognized him from prior contacts. The officer immediately radioed Officer

---

[1]Thruway 49 runs generally north and south and intersects Interstate 10 north of the point where the defendant entered the highway. Immediately above Interstate 10, Thruway 49 becomes Interstate 49. Desperado's is located north of Interstate 10 and adjacent to Interstate 49.

Marceaux that the operation had probably been compromised, and Officer Marceaux then radioed Officer Hunt to initiate a stop of the defendant's vehicle without further delay.

When Officer Hunt activated his emergency lights and siren, the defendant did not stop. Instead, he accelerated past the police units and continued north on Thruway 49 to its intersection with Interstate 10. There, he exited onto the interstate, with the officers in full pursuit. Officer Hunt continued to sound his siren and display his emergency lights during the pursuit.

Almost immediately after the defendant and his pursuers entered onto Interstate 10, the defendant struck a van being driven by Michael Creighton. The van flipped over several times on the highway, and Mr. Creighton was ejected from the vehicle. Mr. Creighton died from the injuries he sustained in the accident. The impact with Mr. Creighton's van caused the defendant's truck to leave the highway, and he attempted to flee on foot, but was immediately apprehended by the pursuing officers.

No cocaine was found on the defendant's person or in his truck. However, a subsequent search of the defendant's home pursuant to a search warrant resulted in the recovery of a little over 300 grams of cocaine.

The state charged the defendant with the previously described offenses by a bill of information filed July 23, 2002, and a two-day trial on the merits commenced on August 9, 2004. However, immediately before the trial began, the state dismissed the drug paraphernalia charge. On the second day of trial, the jury returned a verdict of guilty on the manslaughter and cocaine charges and of not guilty on the transactions charge. On October 14, 2004, the trial court sentenced the defendant to serve twenty years at hard labor on the manslaughter charge and to make restitution to the victim's

family and, on the cocaine charge, sentenced the defendant to serve ten years at hard labor without the benefit of probation, parole, or suspension of sentence and to pay a $300,000.00 fine. The trial court ordered that the incarceration sentences run concurrently. On June 24, 2005, the trial court granted the defendant an out-of-time appeal, and the defendant is now before us, asserting assignments of error that address the validity of the convictions, the excessiveness of the sentences, and the correctness of certain trial court rulings on pretrial motions.

## OPINION

### SUFFICIENCY OF THE EVIDENCE ASSIGNMENT OF ERROR

In one of his assignments of error, the defendant asserts that the state failed to prove beyond a reasonable doubt all of the elements of either or both of the offenses charged.

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). The role of the factfinder is to weigh the respective credibility of each witness. Therefore, the appellate court should not second guess the credibility determinations of the factfinder beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

*State v. Miller,* 98-1873, p. 5 (La.App. 3 Cir. 10/13/99), 746 So.2d 118, 120, *writ denied*, 99-3259 (La. 5/5/00), 761 So.2d 541.

Additionally,

> [W]hen circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Shapiro*, 431 So.2d 372 (La. 1982). The elements must be proven such that every reasonable

4

hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from *Jackson v Virginia*, *supra*, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt.

*State v. Magee*, 98-1325, p. 4 (La.App. 4 Cir. 12/15/99), 749 So.2d 874, 876, *writ denied*, 99-3587 (La. 6/2/00), 763 So.2d 593.

### *Manslaughter Conviction*

The elements of the offense of manslaughter are set forth in La.R.S. 14:31. This statute provides that, with respect to the particulars of this case, manslaughter is "[a] homicide committed, without any intent to cause death or great bodily harm[] . . . [w]hen the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person . . . ." La.R.S. 14:31(A)(2)(a). The felony relied upon by the state in this prosecution is aggravated flight from an officer, which is defined in La.R.S. 14:108.1(C) as follows:

> Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle.

With regard to endangering human life, La.R.S. 14:108.1(D) provides in pertinent part:[2]

> Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle commits at least two of the following acts:
>
> (1) Leaves the roadway or forces another vehicle to leave the roadway.

---

[2]Louisiana Revised Statutes 14:108.1(D) provides for two other circumstances (where a defendant exceeds the posted speed limit by at least 25 miles per hour and where the defendant travels against the flow of traffic), but these are not pertinent to the litigation now before us.

5

(2) Collides with another vehicle.

Thus, in order to convict the defendant of manslaughter, the state had to establish beyond a reasonable doubt that, without any intent to cause death or great bodily harm, the defendant committed a homicide while engaged in the perpetration of the offense of aggravated flight from an officer.

The defendant first argues that the officers did not have reasonable grounds to believe that he had committed an offense at the time they attempted to stop his truck. We disagree. While there is no evidence that the defendant committed a traffic offense that would have justified the stop, there is substantial evidence that the officers had reasonable grounds to believe that the defendant was in possession of cocaine. Officer Marceaux had information from a confidential informant that the defendant was involved in illegal narcotics trafficking. He arranged to purchase a substantial amount of cocaine from a male who had answered the defendant's cellular telephone, and, within a few minutes after that telephone conversation, the defendant left his home, traveling in the direction of the agreed upon transfer point. Officer Marceaux advised Officer Hunt that he had arranged the purchase and instructed him to make an investigatory stop before the defendant reached his destination.

"A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." La.Code Crim.P. art. 215.1(A). The record establishes that the officers had reasonable suspicion, or reasonable grounds, to believe that the defendant had committed an offense. Therefore, we find no merit in this argument.

6

Next, the defendant argues that the state did not establish beyond a reasonable doubt that he failed to stop his vehicle after Officer Hunt activated his emergency lights and siren. He argues that he had already entered the Interstate 10 on-ramp when Officer Hunt activated his signals and siren and that he was trying to stop in response to the signals when the accident occurred. We find no merit in this argument.

The testimony of all the officers was that Officer Hunt activated his emergency lights and siren while the defendant's vehicle was still on Thruway 49. Furthermore, they testified that initially the defendant appeared to begin to stop in response to Officer Hunt's actions, but sped away and then turned onto the Interstate 10 ramp. The defendant presented no evidence to the contrary. Considering all of the facts and circumstances present, it was reasonable for the jury to conclude that the defendant was aware that a police vehicle was behind him with activated emergency lights and siren and that he attempted to flee rather than pull over.

Finally, the defendant asserts that the state failed to establish beyond a reasonable doubt that his flight from the officers occurred at a time when human life was endangered. He asserts that there was insufficient evidence to establish that another vehicle was forced from the roadway. That being the case, the defendant argues, the state failed to establish one of the two elements required under La.R.S. 14:108.1(D). While acknowledging that his truck collided with Mr. Creighton's van, thus satisfying the requirement of La.R.S. 14:108.1(D)(2), the defendant argues that the state failed to establish that he forced another vehicle to leave the roadway as required by La.R.S. 14:108.1(D)(1).

7

In considering this argument, we note that both Officer Gaspard and Officer Leger testified that they observed a third vehicle swerve off the roadway to avoid a collision with the defendant's truck. Both officers described the vehicle as being black in color, and Officer Leger, who was the last officer to enter the interstate, testified that he initially thought the black vehicle was the unmarked vehicle being driven by Officer Gaspard. Additionally, Officer Marceaux testified that he observed the defendant's truck leave the roadway onto the shoulder in an attempt to pass Mr. Creighton's van. Thus, according to the testimony of these three officers, both the defendant's truck and another vehicle left the roadway. Either of these scenarios would satisfy the requirement of La.R.S. 14:108.1(D)(1).

Notwithstanding this testimony, the defendant argues that we should accept the testimony of Officer Hunt on this point because he was the chase vehicle immediately behind the defendant and was in the best position to see exactly what occurred on Interstate 10. Officer Hunt testified that he did not observe another vehicle being forced from the highway. We disagree, as obviously the jury chose to accept the testimony of Officers Gaspard and Leger with regard to this factual issue. "Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency." *State v. Hotoph*, 99-243, p. 12 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1045, *writs denied*, 99-3477, 00-150 (La. 6/30/00), 765 So.2d 1062, 1066. In *State v. J.T.S.*, 03-1059, pp. 7-8 (La.App. 3 Cir. 2/4/04), 865 So.2d 1032, 1037-38, during a discussion of convictions premised on witnesses' descriptions of the events, this court stated:

> A reviewing court can only impinge upon the fact finder's discretion to the extent necessary to guarantee the fundamental protection of due

process of law. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, this court cannot second-guess the credibility determinations of the jury beyond the *Jackson* sufficiency evaluation. *State v. Richardson*, 425 So.2d 1228 (La.1983); *State v. Viree,* 95-176 (La.App. 3 Cir. 3/6/96), 670 So.2d 733, *writ denied*, 96-885 (La.9/20/96), 679 So.2d 431.

Finding no merit in any of the defendant's arguments concerning the sufficiency of the evidence with regard to his manslaughter conviction, we reject that portion of his assignment of error that addresses this issue. The state presented sufficient evidence to support the conviction for manslaughter beyond a reasonable doubt.

## *Possession of Cocaine Conviction*

The defendant also argues that the state failed to establish beyond a reasonable doubt that he knowingly and intentionally possessed or had control over the cocaine found in the house he exited immediately before the accident on Interstate 10. We need not consider this argument because, for the reasons set forth hereafter, we find it necessary to vacate the conviction on this charge and remand the matter to the trial court for further proceedings.

### SECOND OFFENDER ASSIGNMENT OF ERROR

In its July 23, 2002 bill of information, the state charged the defendant in the cocaine charge, using the following language:

> [T]hat [] RONALD JOSEPH PELTIER, JR. . . . did wilfully, unlawfully, knowingly and intentionally POSSESS or have under defendant's control, a controlled dangerous substance, to-wit: TWO HUNDRED GRAMS OR MORE, BUT LESS THAN FOUR HUNDRED GRAMS of COCAINE, classified in Schedule II of the Uniform Controlled Dangerous Substance Act, in violation of the provisions of R.S. 40:967, after having been convicted of DISTRIBUTION [OF] COCAINE, on March 29, 1988, under Docket Number 54828, Parish of Lafayette, in violation of the provisions of R.S. 40:982.

9

Louisiana Revised Statutes 40:967(C) provides that, absent a valid prescription for the substance, "[i]t is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II." Cocaine is a Schedule II substance. La.R.S. 40:964. An individual found illegally in possession of a quantity of cocaine of 200 grams or more but less than 400 grams "shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than thirty years, and to pay a fine of not less than one hundred thousand dollars, nor more than three hundred fifty thousand dollars." La.R.S. 40:967(F)(1)(b). However, La.R.S. 40:982(A) provides in pertinent part that "[a]ny person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both." The prior offense need not be the same as the current charge. Rather,

> [A]n offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs.

La.R.S. 40:982(B).

The state's clear intent in charging the defendant as it did was to effect the use of the more severe penalty provided for in La.R.S. 40:982. To that end, the state presented evidence to the jury that the defendant had pled guilty to two charges of distribution of cocaine in March of 1988 and received a ten-year prison sentence for those convictions. The defendant argues that charging him with a second offense in the bill of information and introducing evidence of his prior convictions is reversible error. Because of the recent supreme court decision in *State v. Skipper*, 04-2137 (La.

10

6/29/05), 906 So.2d 399, we must agree. In that decision, the supreme court addressed this very issue and concluded:

> La. R.S. 40:982 should be treated as a sentencing enhancement provision after conviction, like La. R.S. 15:529.1, and not as a substantive element of the presently-charged offense. Specifically, the allegations of the prior offense must not be placed in the charging instrument of the second or subsequent drug-related offense nor may evidence of the prior offense be presented to the jury determining the defendant's guilt or innocence in the trial of the second or subsequent drug-related offense for the purpose of sentencing enhancement under La. R.S. 40:982.

*Id.* at 416-17.

In reaching this conclusion, the supreme court overruled several prior decisions that had concluded "that a prior conviction must be placed in the charging instrument of the second or subsequent drug-related offense or proved to the jury in order to enhance the sentence of a drug-related felony under La.R.S. 40:982." *Id.* at 417.

This court recently discussed, in three separate opinions, whether the *Skipper* decision should be applied retroactively to convictions which were not yet final when that decision was rendered. *See State v. Senegal*, 05-1633 (La.App. 3 Cir. 5/24/06), 931 So.2d 450; *State v. Ruiz,* 06-30, 05-1098, 05-1261 (La.App. 3 Cir. 5/24/06), 931 So.2d 472; *State v. Robertson,* 06-167 (La.App. 3 Cir. 5/31/06), 931 So.2d 523. In all three of these decisions, we concluded that *Skipper* should be applied retroactively to those situations.

This court, in all three decisions, reached the same conclusion—that it was error for the state to include the prior conviction in the bill of information. In *Senegal* and *Robertson*, this court vacated the convictions in their entirety and remanded the matters for new trials on the underlying charges. In doing so, the court in both of those cases relied on the language in *Skipper* to the effect that La.R.S. 40:982 "does

11

not in and of itself define a crime." *Skipper*, 906 So.2d at 416.  The court in *Ruiz* also recognized the holding in *Skipper*, but found that the second offense portions of the two convictions before it were severable from the underlying illegal substance charges.  The court then considered the underlying charges under a harmless error analysis, and, although it vacated the second offense convictions, it entered judgments of conviction for the underlying offenses and remanded the matter for further proceedings.

On appeal, the state acknowledges the *Skipper* opinion, but asserts that it is not applicable to this case because the jury verdict finding the defendant guilty of the cocaine charge occurred prior to the supreme court's release of *Skipper.*  While we recognize that the jury verdict occurred prior to the supreme court's decision, the defendant was granted an out-of-time appeal by the trial court on June 24, 2005.  Thus, the defendant's conviction and sentence are not yet final, and the *Skipper* decision should be applied retroactively to his case.

Additionally, the state argues that the defendant has waived any complaint with regard to the bill of information because he did not file a motion to quash.  We find no merit in this argument.  As pointed out in *Senegal*, 931 So.2d at 453:

> Defendant's failure to file a motion to quash contesting the inclusion of La.R.S. 40:982 in the bill does not preclude this court from reviewing this issue.  Comment (b) to La.Code Crim.P. art. 535 provides that a motion to quash based on the grounds that the offense is not punishable under a valid statute is "within the scope of appellate review without prior objection, under Art. 920(2), since it is an error discoverable by a mere inspection of the pleadings and proceedings and without the inspection of evidence."

We are compelled to follow the supreme court's decision in *Skipper* and in doing so conclude that the state charged the defendant with, and tried him for, a non-crime.  Based on this court's holdings in *Senegal* and *Robertson*, we find that the

12

allegation of a second offense is not severable from the underlying offense of possession of cocaine. Thus, we must vacate the conviction for possession of cocaine, second offense, in its entirety and remand this matter to the trial court for further proceedings. Because the defendant was convicted of a non-crime, double jeopardy does not attach to bar a retrial of this offense. *See State v. Campbell*, 95-1409 (La. 3/22/96), 670 So.2d 1212.

## MOTION TO SUPPRESS ASSIGNMENT OF ERROR

This assignment of error addresses the defendant's complaint that the trial court rejected his amended motion to suppress without holding a hearing. Because this motion to suppress addressed itself to the validity of the search warrant whereby the cocaine was recovered and because we have vacated that conviction for the reasons set forth herein, we need not consider this assignment of error.

## SEVERANCE ASSIGNMENT OF ERROR

In this assignment of error, the defendant argues that the trial court erred in denying his motion to sever the offenses. Specifically, he argues that the manslaughter charge is so dissimilar to the remaining charges that it should have been severed and tried separately and that the sole reason for joining the offenses was to prejudice the defendant in the presence of the jury.

With regard to the issue of joinder of offenses, La.Code Crim.P. art. 493 provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

13

With regard to severance of offenses charged together, La.Code Crim.P. art. 495.1 provides that, "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires."

In *State v. Deruise*, 98-541, p. 7 (La. 4/3/01), 802 So.2d 1224, 1232, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283 (2001), the supreme court stated:

> A motion to sever is addressed to the sound discretion of the trial court, and the court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion. [*State v.*] *Brooks,* 541 So.2d [801] at 804 [(La.1989)] (citing *State v. Williams,* 418 So.2d 562, 564 (La.1982)). In ruling on such a motion, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. In determining whether joinder will be prejudicial, the court should consider the following: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. *Id.* (quoting *State v. Washington*, 386 So.2d 1368, 1371 (La.1980)). However, the fact that evidence of one of the charges would not be admissible under *State v. Prieur*, 277 So.2d 126 (La.1973), in a separate trial on the joined offense, does not per se prevent the joinder and single trial of both crimes, if the joinder is otherwise permissible. *State v. Davis*, 92-1623, p. 9 (La.5/23/94), 637 So.2d 1012, 1019 (citing *State v. Celestine,* 452 So.2d 676 (1984))[, *cert. denied*, 513 U.S. 975, 115 S.Ct. 450 (1994)]. Finally, there is no prejudicial effect from joinder of two offenses when the evidence of each is relatively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations. *Brooks*, 541 So.2d at 805.

In considering the entire record before us and following the direction provided by the supreme court in *Deruise*, we find no abuse of discretion in the trial court's decision not to sever the charges. All of the offenses were interrelated, as they all arose over a short period of time as a result of a single undercover narcotics

investigation. Additionally, the jury obviously was not confused by various counts and was able to segregate the various charges and evidence because it returned a not-guilty verdict on one of the counts. We further note that the motion to sever was not timely filed. Louisiana Code of Criminal Procedure Article 521 requires that "[p]retrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate." In this case, the trial court extended the pretrial motion filing deadline to June 24, 2004, but the defendant did not file his motion until the day of trial. Thus, we find no merit in this assignment of error.

## EXCESSIVE SENTENCE ASSIGNMENT OF ERROR

The defendant argues that both of his sentences are excessive. Because we have vacated the cocaine conviction, we need only consider the twenty-year hard labor manslaughter sentence.

We initially note that we are limited in our review of this sentence because the defendant failed to file a motion to reconsider his sentence in the trial court.

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

La.Code Crim.P. art. 881.1(E).

The failure on the part of the defendant to give the opportunity to the trial court to reconsider the sentence imposed relegates this court to consideration of a bare claim of excessiveness. *State v. Barling*, 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. In considering an

15

individual sentence, we are also mindful of the fact that a trial court is to be afforded wide discretion, and, unless there is manifest abuse of discretion present, a sentence imposed within statutory limits will not be deemed excessive. *State v. Abdullah*, 98-216 (La.App. 3 Cir. 10/21/98), 722 So.2d 23. In this case, the sentence is within statutory limits as La.R.S. 14:31(B) provides for a maximum sentence of forty years at hard labor.

At the sentencing hearing, the trial court considered the content of the presentence investigation report as well as the victim impact statements. In doing so, the trial court considered both mitigating and aggravating factors and concluded that an appropriate sentence was twenty years at hard labor. Such a sentence for the offense of manslaughter has been upheld by the appellate courts. *See State v. Myers*, 97-2401 (La.App. 4 Cir. 12/6/00), 773 So.2d 884, *writ denied*, 01-343 (La. 1/11/02), 807 So.2d 224; *State v. Jones*, 99-2207 (La. 1/29/01), 778 So.2d 1131.

Given the record before us, and particularly given the fact that the defendant is a fourth felony offender, we do not find the sentence imposed to be a manifest abuse of the trial court's discretion. Therefore, we find no merit in this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the manslaughter conviction and sentence in all respects. We vacate the conviction of possession of cocaine, second offense, and remand the matter to the trial court for further proceedings.

**MANSLAUGHTER CONVICTION AND SENTENCE AFFIRMED; POSSESSION OF COCAINE, SECOND OFFENSE CONVICTION VACATED; REMANDED FOR FURTHER PROCEEDINGS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

16