BARHAM, Justice.
Appellant Dennis was convicted upon his trial by jury of extortion, a violation of R.S. 14:66, and was sentenced to ten years’ imprisonment. Appellant relies upon only *239 one bill of exception for a reversal of his conviction and sentence on this appeal.
The charge of extortion arose when appellant, in an attempt to effectuate his escape from Louisiana State Penitentiary, communicated threats of bodily injury to one Charles R. Jewel in order to obtain the use of Mr. Jewel’s pick-up truck as an escape vehicle. Appellant was apprehended in the pick-up truck about seven to ten miles from the penitentiary grounds.
The bill of exception presented for our consideration was reserved when the trial court overruled defense counsel’s objection to testimony given by a state’s witness, Col. Robert Bryan, Chief of Security at Louisiana State Penitentiary. In response to a request by the prosecutor to tell the jury about an incident which occurred on June 30, 1969, Col. Bryan testified that he . . received a call from cell block that Jack Dennis had escaped”. Counsel for the defendant objected that Col. Bryan’s statement was hearsay and prejudicial to the defendant.
That the complained-of testimony is hearsay is without question. However, the State, in its brief submitted to this Court, counters with the contention that this testimony falls within the res gestae exception to the hearsay rule and that prejudice resulting from the testimony, if any, is outweighed by the reasons which support that exception. It is contended by the State that not only was defendant’s escape closely connected in time with the extortion bu( the extortion was instrumental in effecting a successful escape. The trial court, in its per curiam to this bill of exception, concluded that the defendant’s escape and the extortion formed one continuous transaction and that the testimony complained of falls within the res gestae exception and was therefore admissible.
The issue of whether the hearsay testimony regarding defendant’s escape is admissible under the res gestae exception to the hearsay rule is not susceptible of easy resolution. Revised Statutes 15:447 and IS :448 deal with the res gestae exception, These statutes provide:
§ 447 Res gestae defined; admissibility
Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
§ 448 Relation of res gestae to criminal act
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
The State contends, in its brief, that the two incidents involved here, the escape and the extortion, are closely connected in time. There is no indication in the record before us, however, of the actual time lapse between the two incidents. The State also cites to us in brief the case of State v. Guillory, 201 La. 52, 9 So.2d 450 (1942), in which this Court found an escape occurring “a few hours” prior to the commission of a murder to be so closely connected with the murder itself that it formed part of the res gestae. It is noted that in the Guillory case the defendant escaped from a Texas county jail, hitchhiked to Lake Charles, and there committed the murder for which he was prosecuted.
Notwithstanding the above discussion of res gestae and the issue of whether the complained-of testimony fits that exception to the hearsay rule, it is our opinion that a determination of the character of Col. Bryan’s testimony is unnecessary for our purposes. Even if Col. Bryan’s testimony could not be characterized as falling within the res gestae exception, we believe that the error committed in over *240 ruling defense counsel’s objection and allowing the hearsay testimony to stand, if error there was, was harmless beyond a reasonable doubt. Competent, admissible testimony establishing the fact of defendant’s escape was given by the same witness shortly after the hearsay testimony. Defense counsel himself inquired about details of defendant’s escape during cross-examination. We hold that the error complained of did not result in prejudice to any of defendant’s substantial rights and did not constitute a substantial violation of any constitutional or statutory right. The bill of exception is without merit. Article 921, Code of Criminal Procedure.
In brief to this Court defendant additionally contends that there exists error patent on the face of the record. He argues that the bill of information charging him with extortion is substantially defective in its averment that the advantage sought in threatening the victim, Charles R. Jewel, was the perpetration of an escape from the penitentiary. This averment, defendant contends, was not necessary to fully set forth the elements of the offense of extortion, and its inclusion was prejudicial to his rights in allowing evidence of his character and criminal record before the jury. Defendant alternatively argues that if the trial court did not err in allowing the prejudicial reference to his escape in the information to remain, the trial court erred in failing to require the addition of the essential averment that he was an inmate of the penitentiary at the time of the alleged offense.
Assuming arguendo that the reference to defendant’s escape was not necessary to fully set forth the elements of the offense of extortion, the bill of information still does not reveal error patent on the face of the record. The bill of information sufficiently charged an offense punishable under a valid criminal statute. If counsel for the defendant was convinced that inclusion of the reference to defendant’s escape was improper and unnecessary, his remedy was to timely file a motion to quash the bill. Code of Criminal Procedure Articles 532(2), 535, subd. A (2) and 483. We note that defendant, apparently feeling he was not sufficiently informed by the averments in the bill of information, filed an application for a bill of particulars in order to obtain information he deemed necessary to properly prepare his defense. Included in his application for particulars was a request for information which would reveal “under what circumstances was the crime committed.” Regarding the allegedly unnecessary and prejudicial averment, defendant had his opportunity to challenge the propriety of the bill by filing a motion to quash at the time when he was directing his attention to the sufficiency of the bill. Having failed to avail himself of the remedy provided by our Code of Criminal Procedure, he may not now complain of the alleged defect. Defendant’s arguments on this issue are without merit.
Defendant’s alternative argument is that, accepting the correctness of the inclusion in the information of the reference to his penitentiary escape, the omission of an averment that he was a penitentiary inmate rendered the information substantially defective. Defendant argues that the omission of such an averment results in a failure to fully set forth the basis for his perpetration of an escape. The fallacy of defendant’s argument lies in the fact that the charge set forth in the information was extortion, not escape, and the inclusion of all necessary elements of the crime of escape was not necessary to the sufficiency of the information. This argument advanced by the defendant is also without merit.
For the foregoing reasons, the judgment of conviction and sentence is hereby affirmed.