955 So.2d 81 (2007)
STATE of Louisiana
v.
Gregory RUIZ.
No. 2006-KO-1755.
Supreme Court of Louisiana.
April 11, 2007.
Rehearing Denied June 1, 2007.
*82 Tulane Law Clinic, Pamela R. Metzger, New Orleans, for Applicant.
Charles C. Foti, Jr., Attorney General, J. Phil Haney, District Attorney, Jeffrey J. Trosclair, Assistant District Attorney, for Respondent.
*83 KNOLL, Justice.
This criminal case addresses the appropriate remedy in a post-verdict context for a violation of the rule we announced in State v. Skipper, 04-2137 (La.6/29/05), 906 So.2d 399. In Skipper, we held that La. Rev.Stat. 40:982 is a sentencing enhancement provision that must be implemented after conviction and thus, because it is not a substantive element of the drug-related offense it seeks to enhance, must not be placed in the charging instrument of the second or subsequent drug-related offense and evidence of the prior offense may not be presented to the jury. Skipper, 04-2137 at p. 23, 906 So.2d at 415. Because the Skipper matter arose in a pre-trial procedural posture, it did not address the appropriate remedy in a post-verdict context, as in this case, where the prior offense was placed in the charging instrument and evidence thereof was presented to the jury determining whether the accused was guilty of the second or subsequent offense. For the following reasons we find that the rule we announced in Skipper applies retroactively to non-final convictions, that a Skipper error is not a structural error and is therefore subject to harmless error analysis, but where, as here, the defendant fails to file a motion to quash the bill containing allegations of his offender status pursuant to La.Rev.Stat. 40:982 or contemporaneously object to the presentation of evidence of his prior convictions, the defendant waives raising this error on appeal.

FACTS AND PROCEDURAL HISTORY
On July 11, 2002, the State filed a bill of information charging the defendant with distribution of cocaine in violation of La. Rev.Stat. 40:967 A(1), as a second offender and possession of cocaine in violation of La.Rev.Stat. 40:967 C, as a second offender. Defendant's first trial ended in a mistrial. At his second trial, defendant's prior convictions were placed squarely before the jury. The bill of information, which contained the fact of defendant's 1995 conviction for two counts of distribution of cocaine, was necessarily read to the jury. The State also called Jamie Legnon, a probation and parole specialist for the Louisiana Department of Corrections, who testified about defendant's prior convictions and her supervision of defendant while he was on parole for those convictions. The State presented this evidence for the purpose of proving defendant's status as a second offender. Moreover, the State referred to defendant's prior convictions in rebuttal closing argument without objection by defendant. Notably, defense counsel did not move to quash the bill of information, object to the "other crimes" evidence, or request the trial court to give an admonitory instruction to the jury that they were to consider defendant's prior convictions as evidence of only his offender status and not as evidence of his guilt on the charged crimes. The jury, by a vote of 10-2, found defendant guilty as charged.
The State filed an habitual offender bill under La.Rev.Stat. 15:529.1, charging defendant as a second offender. After finding defendant a second offender pursuant to La.Rev.Stat. 15:529.1 A(1)(a), the court sentenced him to five years at hard labor for possession of cocaine and to thirty years for distribution of cocaine. Defendant appealed his conviction, averring, inter alia, it was improper under Skipper for the bill of information to contain allegations that defendant had been convicted of prior drug offenses.
A unanimous panel of the appellate court found the convictions for a second offense under La.Rev.Stat. 40:982 should be reversed as convictions for non-crimes. The court further found the offenses under *84 La.Rev.Stat. 40:967 severable from the "non-crimes" of second offense possession and second offense distribution and affirmed those convictions, while vacating the convictions for second offense possession and second offense distribution and the attendant sentences, including the adjudication and sentence under La.Rev.Stat. 15:529.1. State v. Ruiz, 06-0030 (La. Ct. App. 3 Cir. 5/24/06), 931 So.2d 472. Essentially, the court held that in a post-verdict context for a violation of our decision in Skipper, the court should treat the inclusion of charges as a second offender, pursuant to La.Rev.Stat. 40:982, in the charging instrument as a non-crime, severable from the substantive crime, and, after a harmless error review for the exposure to the jury of the defendant's criminal history, affirm the conviction for the substantive offense if the error was harmless.
We granted the defendant's writ application solely to address the appropriate remedy for a violation of Skipper, in the post-verdict context. State v. Ruiz, 06-1755 (La.12/15/06), 944 So.2d 1274.

DISCUSSION
Before we resolve the issue of the appropriate remedy for a Skipper violation in this post-verdict context, we must first address the State's argument that Skipper should not apply retroactively. The State relies upon State v. Beer, 252 La. 756, 214 So.2d 133 (1968), wherein this court, in deciding whether a United States Supreme Court decision should be applied retroactively to non-final convictions, applied the following criteria:
(a) the purpose to be served by the new standards;
(b) the extent of reliance by law enforcement authorities on the old standards;
(c) the effect on the administration of justice of a retroactive application of the new standards.

Beer, 252 La. at 764, 214 So.2d at 136, quoting Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).[1]
The Beer court refused to retroactively apply the holding of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (a crime punishable by two years in prison must allow for trial by jury) to trials begun before that decision was announced, finding a retroactive application of the new standard would work a hardship and injustice upon the people of Louisiana. Beer, 252 La. at 769, 214 So.2d at 138. The State contends retroactive application of our holding in Skipper would likewise have an unjust effect on the people of Louisiana, and should not be found retroactively applicable to those cases decided prior to the date of our Skipper decision, considering the extent of the reliance on the old standard and the effect on the administration of justice of a retroactive application of the new standard.
The court of appeal rejected the State's argument, finding the State's reliance upon Beer misplaced, because Beer belongs to the earlier Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) and Stovall v. Denno, supra, line of jurisprudence. We agree. As this court observed in State ex rel. Taylor v. Whitley, 606 So.2d 1292, 1294 (La.1992), cert. denied, 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993), the United States Supreme Court began to move gradually away from Linkletter and toward the view that a new rule should be applied retroactively to all cases pending on direct review. The Supreme Court held "a new rule for *85 the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final with no exception for cases in which the new rule constitutes a `clear break' with the past." Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). This court has followed Griffith and has applied new rules to cases pending on direct review or not yet final. Taylor, 606 So.2d at 1296.
The State attempts to distinguish Taylor and argues the Beer standard should be applied, as Taylor concerned a new rule of the United States Supreme Court regarding provisions of the United States Constitution. The State cites no authority for limiting the application of new rules to cases pending on direct review or not yet final to those concerning pronouncements by the Supreme Court regarding Constitutional guarantees. The issue in Taylor was not the retroactive application of new rules to a non-final conviction, but the issue of retroactivity to cases that were final, i.e., those in the posture of collateral review. This Court has followed Griffith v. Kentucky for some time and has applied new rules to cases pending on direct review or not yet final. State v. Sanders, 523 So.2d 209, 211 (La.1988); State v. St. Pierre, 515 So.2d 769, 774 (La.1987). Nothing in our opinions has dictated that our jurisprudence correcting erroneous statutory construction should not apply retroactively to non-final convictions. Therefore, we find that our holding in Skipper applies retroactively to convictions still subject to direct review.
Having found that Skipper applies retroactively to non-final convictions, we now turn to the issue pretermitted in Skipper: the appropriate remedy in a post-verdict context for a Skipper error. The defendant avers that charging La.Rev. Stat. 40:982 as a substantive offense constitutes structural error, requiring per se reversal of the conviction, therefore the appellate court wrongly applied a harmless error analysis to the fact of the jury's exposure to defendant's criminal history. The defendant contends that our ruling in Skipper reflects this Court's view that a trial on the merits, where the defendant's prior conviction is placed in the charging instrument, constitutes a per se violation of a defendant's constitutional right to a fair trial. In support of this argument, defendant reasons that we affirmed the trial court's granting of the motion to quash the entire bill of information in Skipper, otherwise we would have only quashed the bill insofar as it erroneously referred to Skipper's previous conviction for possession of cocaine if we found such error subject to harmless error analysis.
Although treating La.Rev.Stat. 40:982 as a substantive element of the offense and including the allegations of the prior offense or offenses in the charging instrument is erroneous, we find there is nothing in our Skipper decision to support defendant's contention that this is a structural error.
A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991); Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997). Structural errors infect the entire trial process and necessarily render a trial fundamentally unfair; they deprive a defendant of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence. Neder v. United States, 527 U.S. 1, 8-9, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999) (citations omitted). The *86 United States Supreme Court has found structural errors in "only a very limited class of cases." Johnson, 520 U.S. at 468, 111 S.Ct. at 1549. Structural defects have been restrictively defined to include the total deprivation of the right to counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); a biased trial judge, Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); unlawful exclusion of grand jurors of defendant's race, Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); denial of self-representation at trial, McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); denial of a public trial, Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); and a defective reasonable doubt instruction, Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
Unlike those defects found by the United States Supreme Court to constitute structural error, the erroneous treatment of La.Rev.Stat. 40:982 as a substantive element of the offense, thus placing the defendant's prior offenses in the charging instrument and before the jury, does not necessarily render the criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. Thus, it does not rise to the level of a structural error. Moreover, this court has held for some time that where other crimes evidence is erroneously admitted, this trial error is subject to harmless error analysis. State v. Johnson, 94-1379, p. 17 (La.11/27/95), 664 So.2d 94, 102. Trial error occurs during the presentation of the case to the trier of fact and may be quantitatively assessed in the context of the other evidence to determine whether its admission at trial is harmless beyond a reasonable doubt. State v. Maise, XXXX-XXXX, p. 8 n. 5 (La.1/15/02), 805 So.2d 1141, 1148 n. 5, citing Arizona v. Fulminante, 499 U.S. at 307-311, 111 S.Ct. at 1264-1265. The erroneous introduction of evidence relating to defendant's prior bad acts risks "lur[ing] the fact-finder into declaring guilt on a ground different from proof specific to the offense charged . . . [by] generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged. . . ." State v. Womack-Grey, XXXX-XXXX, p. 1 (La.12/7/01), 805 So.2d 1116, citing Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997). The erroneous introduction of evidence of other crimes is a trial error, which may be qualitatively assessed in the context of the other evidence to determine whether its admission was harmless beyond a reasonable doubt. Johnson, 94-1379 at p. 15, 664 So.2d at 101. We find no support for the defendant's argument that the erroneous treatment of La.Rev.Stat. 40:982 as a substantive offense, thus placing allegations of the defendant's prior offenses in the charging instrument and before the jury, should be treated as a structural error warranting automatic reversal.
Attempting to fashion a remedy in this post-verdict context for the violation of the rule we announced in Skipper, the court of appeal severed the allegations of second offense from the bill, finding the defendant's conviction for second offense should be vacated, but the convictions for the substantive portion of the offenses under La.Rev.Stat. 40:967 should be upheld, after a harmless error review. However, we do not reach the correctness, vel non, of the appellate court's remedy for the erroneous treatment of La.Rev.Stat. 40:982 as a substantive offense, for we find the defendant's failure to object to the inclusion of the prior convictions in the bill, his failure to object to the presentation of evidence of these convictions to the jury *87 and his failure to request a limiting instruction from the trial court, thereby waived any error with respect to the rule we announced in Skipper.
Louisiana's contemporaneous objection rule provides "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La.Code Crim. Pro. art. 841 A; State v. Knott, 05-2252, p. 2 (La.5/5/06), 928 So.2d 534, 535. The contemporaneous objection rule has two purposes: (1) to require counsel to call an error to the judge's attention at a time when the judge may correct the error; and (2) to prevent defense counsel from "sitting on" an error and gambling unsuccessfully on the verdict, and later resorting to appeal on an error that might have been corrected at trial. Knott, 05-2252 p. 2, 928 So.2d at 535; State v. Arvie, 505 So.2d 44, 47 (La. 1987).
It is well settled that an error cannot be availed of after verdict unless it was objected to at the time of the occurrence, and the party objecting made known to the court the action which he desired the court to take, or his objection to the action of the court and the grounds therefor. State v. Baylis, 388 So.2d 713, 721 (La.1980). Where the defendant argued for the first time on appeal that testimony elicited by the prosecution amounted to evidence of other crimes than the one for which the defendant was being prosecuted, this court held that contention must be deemed to have been waived by the defendant's failure to object to the absence of Prieur notice. Id.
Although the defendant acknowledges that defense counsel did not request an admonishing instruction to the jury, instructing the jury that they were not to consider the defendant's prior convictions as evidence of his guilt on the charged offense, but only as evidence of his offender status, and did not object to the trial court's jury charge, he contends omission of the limiting instruction requires reversal. Defendant relies upon State v. Green, 493 So.2d 588 (La.1986), averring that although the defendant in that case failed to request a limiting instruction or object to the trial court's failure to give one, this court found in Green the "defendant's conviction and sentence were obtained through a procedure [that fell] below the minimum level that the Due Process Clause will tolerate and therefore must be set aside." Green, 493 So.2d at 592. Defendant maintains that the error of placing his prior convictions before the jury is an error that was so fundamental it struck at the very essence of the reliability of the fact-finding process, and that this court does not apply the contemporaneous objection rule to such fundamental errors. Arvie, 505 So.2d at 47.
Defendant's reliance upon Green is misplaced and the interpretation of Green that he wishes us to make would greatly expand its scope, which we are not inclined to do. The issue before this court in Green was the facial constitutionality of La.Rev.Stat. 14:67, which provides for the substantive offense of theft as well as establishing a third offense recidivist procedure. The question raised by Green's due process attack on La.Rev.Stat. 14:67 was whether a state statute may constitutionally authorize the prosecutor, in a single proceeding, to offer both evidence of the defendant's guilt of the primary charge and evidence of prior crimes to enhance his punishment, without also requiring a limiting jury instruction. Green, 493 So.2d at 590. This court found that La.Rev.Stat. 14:67, if isolated from other statutes, would deny due process because it does not require that a limiting instruction be given to the jury regarding the recidivist evidence. Green, 493 So.2d at 591. However, *88 in order to not find La.Rev.Stat. 14:67 unconstitutional on its face, even though it neither required nor prohibited a limiting instruction, this court adopted the application of La.Code Crim. Pro. art. 802 to La.Rev.Stat. 14:67 "in order to uphold the fundamental purpose of the act and to construe La. R[ev]. S[tat]. 14:67 within the requirements of the Due Process Clause, which we believe mandates a limiting jury instruction in the third offense theft recidivist trials." Green, 493 So.2d at 592.
By contrast, a one stage recidivist trial procedure is not statutorily mandated here. We have recently held that La.Rev. Stat. 40:982 is a sentencing enhancement provision which must be implemented after conviction, not a substantive element of the drug-related offense it seeks to enhance, and prior offenses must not be placed in the charging instrument or proven to the jury. Skipper, 04-2137 at p. 25, 906 So.2d at 417. This court concluded in Green that when a state statute authorizes the prosecutor, in a single proceeding, to offer both evidence of the defendant's guilt of the primary charge and evidence of his prior criminal record of crimes of a similar nature to enhance his punishment, due process considerations require the trial judge to give a limiting instruction to the jury. Skipper, 04-2137 at p. 15, 906 So.2d at 410. We have determined that La.Rev.Stat. 40:982 does not authorize the prosecutor to offer evidence of prior offenses to the jury. The charging instrument shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense. La.Code Crim. Pro. art. 483 (emphasis added). A motion to quash may be based on the ground that the charging instrument fails to conform to the requirements of Chapter 2 of Title XIII, which contains art. 483. La.Code Crim. Pro. art. 532(2). The failure to file a motion to quash alleging such defect waives any error. State v. Dennis, 283 So.2d 238, 240 (La.1973).
The defendant failed to challenge the bill that improperly contained allegations of his prior convictions. The inclusion of prior convictions was not necessary to fully charge the substantive offense of distribution of cocaine in violation of La.Rev.Stat. 40:967 A(1) and possession of cocaine in violation of La.Rev.Stat. 40:967 C. We observe that the defendant in Skipper filed a motion to quash the bill of information that charged him pursuant to La.Rev.Stat. 40:982 with previously being convicted of possession of cocaine. Although the placing of defendant's prior convictions in the bill of information and presentation of this evidence without a limiting instruction from the trial judge was erroneous, the defendant's failure to file a motion to quash or contemporaneously object precludes him from raising this issue on appeal.

CONCLUSION
For the foregoing reasons, we find that the court of appeal correctly applied our holding in Skipper retroactively to a non-final conviction pending on direct review. However, the court of appeal fell into error by conducting a harmless error review, where the defendant waived his right to raise the error on appeal by his failure to file a motion to quash or contemporaneously object to the State's placing at issue his status as a second offender.
We further observe that although the State charged the defendant as a second offender pursuant to La.Rev.Stat. 40:982, after trial the State filed an habitual offender bill under La.Rev.Stat. 15:529.1. After finding the defendant a second offender subject to the provisions of La.Rev.Stat. 15:529.1 A(1)(a), the court calculated the applicable sentencing range by doubling the maximum penalty provided *89 for the underlying offenses pursuant to La.Rev.Stat. 40:982, and then applying to those enhanced penalties the formula for sentencing a second offender under La. Rev.Stat. 15:529.1A(1)(a), to find a sentencing range of 5 to 20 years for possession of cocaine and 30 to 120 years for distribution of cocaine.[2] Under this formula, the trial court imposed sentences of 5 years at hard labor for possession of cocaine as a second and subsequent offender and 30 years at hard labor for distribution of cocaine as a second and subsequent offender. These sentences equate to the maximum penalties statutorily provided for the underlying offenses of possession and distribution and thus, the court imposed sentences which do not exceed the maximum un-enhanced terms of imprisonment provided by the underlying substantive crimes. However, we must caution the trial court that the double enhancement formula it used, i.e., enhancing the penalties provided for the underlying offense as a matter of La.Rev. Stat. 40:982 and then enhancing those enhanced penalties under La. Rev stat 15:529.1, on the basis of the same prior convictions, violated this court's rule in State v. Sanders, 337 So.2d 1131, 1134 (La.1976) (the State may not seek multiple enhancement of a defendant's sentence on the basis of the same set of prior convictions). See, e.g., State v. Murray, 357 So.2d 1121, 1124 (La.1978), reversed on other grounds. Therefore, although we reverse that part of the court of appeal's decision, which severed the second-offense portions of the convictions from the underlying substantive offenses of possession and distribution of cocaine, we find this matter must be remanded for re-sentencing to correct the trial court's erroneous use of Louisiana's Habitual Offender Law, La.Rev.Stat. 15:529.1, where the defendant was already subject to an enhanced penalty pursuant to La.Rev.Stat. 40:982.

DECREE
The defendant's convictions for possession of cocaine and distribution of cocaine, in violation of La.Rev.Stat. 40:967, are affirmed. Because the trial court has found the defendant to be a second offender, having previously been convicted of two counts of distribution of cocaine, this matter is remanded for sentencing pursuant to either the sentencing enhancement provisions of La.Rev.Stat. 40:982 or Louisiana's Habitual Offender Law, La.Rev.Stat. 15:529.1. The State may not validly seek multiple enhancement of the defendant's sentence based on the same set of prior convictions.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
KIMBALL, J., concurs and assigns reasons.
JOHNSON, J., concurs.
KIMBALL, Justice, concurs.
I concur in the majority's determination that defendant's failure to file a motion to quash the bill of information that included defendant's prior convictions or to contemporaneously object to the presentation of the evidence relating to his prior convictions without a limiting instruction *90 precludes him from raising the complaint at issue. Consequently, I believe any discussion by this court of the merits of the issue constitutes dicta. The fact that defendant alleges a structural error does not change his obligation to contemporaneously object to the error. See, e.g., Neder v. United States, 527 U.S. 1, 34 n. 1, 119 S.Ct. 1827, 1846 n. 1, 144 L.Ed.2d 35 (1999) (Scalia, J. concurring in part and dissenting in part) ("[T]here is nothing `internally inconsistent' about believing that a procedural guarantee is fundamental while also believing that it must be asserted in a timely fashion. It is a universally acknowledged principle of law that one who sleeps on his rightseven fundamental rightsmay lose them."). Because defendant waived his right to raise the error complained of on appeal, I would not address the merits of his arguments.
NOTES
[1] This three pronged analysis was set forth by the United States Supreme Court in Linkletter v. Walker, 381 U.S. 618, 636, 85 S.Ct. 1731, 1741, 14 L.Ed.2d 601 (1965).
[2] La.Rev.Stat. 40:982 mandates that the sentence imposed for a second or subsequent offense shall be twice the maximum penalty for the underlying offense. The maximum penalty for possession of cocaine is 5 years, La.Rev.Stat. 40:967 C(2), and for distribution of cocaine is 30 years, La.Rev.Stat. 40:967 B(4). Doubling these underlying maximum penalties would result in a sentence of 10 years for possession and 60 years for distribution. Louisiana's Habitual Offender Law, La. Rev.Stat. 15:529.1 A(1)(a), provides the sentence for one determined to be a habitual offender shall be not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.