VICTORY, J.
bWe granted writs in this case to determine the proper remedy, post-trial, for a Skipper[1] violation. State v. Robertson, 06-1537 (La.9/28/2007), 964 So.2d 353.
FACTS AND PROCEDURAL HISTORY
On April 21, 2003, defendant pled guilty to a charge of Possession of a Controlled Dangerous Substance II, to wit: Methamphetamine, under Docket Number 39,730 in the 8th Judicial District Court, Winn Parish. Defendant was subsequently sentenced to five years in the Department of Corrections, with two years suspended, and five years active probation to commence after his release from incarceration. On February 28, 2004, defendant was released from incarceration, placed on both parole and probation status, and timely reported to his probation officer, Cole Gra-lapp.
On April 29, 2004, defendant notified Officer Gralapp of a new address’in Grant Parish. On a visit to defendant’s new residence on June 18, 2004, Officer Gra-lapp noticed a fan in defendant’s bedroom window set in such a way as to blow air through the window to the outside. This raised suspicion in his mind that this could be a ventilation fan, commonly used in methamphetamine labs.
|2On June 29, 2004,[2] Officer Gralapp was working in rural Grant Parish and decided to stop by defendant’s residence for the purpose of administering a urine test. In route to defendant’s residence, Officer *168 Gralapp ran into Grant Parish Sheriffs Detective Todd Durham and asked the detective to accompany him because he did not feel safe going to defendant’s residence alone.
Upon arriving at the residence, Officer Gralapp administered the urine test. While waiting the few minutes necessary for the results of the test, Officer Gralapp noticed a padlock on defendant’s bedroom door which prompted him to ask Detective Durham to look around the bedroom for weapons, contraband, etc. In the bedroom Detective Durham found items consistent with the production of methamphetamine. Grant Parish Sheriffs Detective Brad Sud-duth was then summoned due to his expertise and certification in the investigation of methamphetamine labs. Detective Sud-duth concluded that all but one of the items necessary for the production of methamphetamine were present. Defendant was then placed under arrest.
Defendant was charged by amended Bill of Information on January 14, 2005, with creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine, second offender status, in violation of La. R.S. 40:983(A)(3)[3] and 40:982.[4] Defendant filed a motion in li-mine and motions to suppress and quash, | .¡specifically objecting to his prior conviction being included in the Bill of Information.[5] The trial court, applying the Third Circuit Court of Appeal’s jurisprudence of the time, denied the motions after a hearing on February 10, 2005.
A unanimous jury returned a guilty verdict and defendant was sentenced to 25 years imprisonment at hard labor. After the trial court denied defendant’s motion to reconsider the sentence, defendant appealed to the Third Circuit Court of Appeal contending that the evidence was insufficient to support the conviction, that the trial court erred in denying his motion to suppress, that the trial court erred in admitting evidence of other crimes, and that his motion to quash the indictment should have been granted.
While Robertson’s appeal was still pending in the court of appeal, along with State v. Senegal, 05-1633 (La.App. 3 Cir. *169 5/24/06), 931 So.2d 450, reversed 06-1351 (La.9/28/2007), 965 So.2d 386 and State v. Ruiz, 06-30 (La.App. 3 Cir. 5/24/06), 931 So.2d 472; affirmed 06-1755 (La.4/11/07), 955 So.2d 81, rehearing denied (La.06/01/07), we issued our opinion in State v. Skipper, 04-2137 (La.6/29/05), 906 So.2d 399. In Skipper we found an indictment that alleged a violation of La.Rev. Stat. 40:982 was properly quashed because that statute should be construed as a sentence enhancing statute for recidivist controlled substance law violators, and not as a substantive element of the drug-related offense which it seeks to enhance.
1 ^Skipper, supra.
After our decision in Skipper, three panels of the Third Circuit Court of Appeal fashioned substantially different remedies for defendants who were convicted under prior jurisprudence and whose convictions and sentences were pending on appeal, namely State v. Senegal and State v. Robertson, [6] and State v. Ruiz.[7] We granted writs in all three cases. State v. Ruiz, 06-1755 (La.12/15/06), 944 So.2d 1274; State v. Senegal, 06-1351 (La.9/28/07), 965 So.2d 386; Robertson, 06-1537, 964 So.2d 353.
We heard oral arguments and issued an opinion in Ruiz, 06-1755, 955 So.2d 81, finding that (1) Skipper applies retroactively to cases pending on direct review or in the direct review pipeline at the time it was decided, (2) a Skipper error is not a structural defect in the proceedings exempt from harmless-error analysis, but “is a trial error, which may be qualitatively assessed in the context of the other evidence to determine whether admission [of the prior CDS conviction] was harmless beyond a reasonable doubt,” Ruiz, 06-1755, p. 7-8, 955 So.2d 81, 86, and (3) a defendant waives the error by failing to raise it in a timely motion to quash and/or by failing to object at trial and to request an appropriate jury instruction from the court on the limited permissible use of the defendant’s prior CDS conviction. Ruiz 06-1755, p. 11, 955 So.2d 81, 88. Finding the defendant in Ruiz failed to timely object, we pretermitted the issue of the appropriate remedy, post-trial, for a Skipper violation. Ruiz, 06-1755, p. 8, 955 So.2d 81, 86 (“[W]e do.not reach the correctness, vel non, |Bof the appellate court’s remedy for the erroneous treatment of La.Rev. Stat. 40:982 as a substantive offense, for we find the defendant’s failure to object ... waived any error with respect to the rule we announced in Skipper”)
In Senegal, we summarily reversed the court of appeal, finding, as we did in Ruiz that the “defendant’s failure to file a motion to quash ... waived the error on appeal.” Senegal, 965 So.2d 386.
Today, we resolve the issue of what remedy is proper when a prior crime was made a part of the bill of information and the defendant timely objected.
APPROPRIATE REMEDY
In its first assignment of error, the State offers that the court of appeal erred *170 by finding that any bill of information charging a count of La. R.S. 40:982 makes the entire charge a “non-crime” and must be quashed in toto. The court of appeal rejected the contention that the erroneous charge could be severed from the Bill of Information leaving the lesser included charge, and instead insisted that our jurisprudence mandates that the entire Bill of Information be quashed. Robertson, 931 So.2d at 527.
As we noted in Skipper, “we reject the contention that La. R.S. 40:982 is a substantive element of the drug-related offense which it seeks to enhance.” Skipper, 906 So.2d at 415. Since the Bill of Information resulting in defendant’s conviction included the faulty second offender language, he was convicted of a charge which included a non-crime. It is elementary that the defendant should not have been convicted of a crime which does not exist. Thus, under these circumstances, we find that defendant cannot be convicted of “Creation and Operation of a Clandestine Laboratory for The Unlawful Manufacture of CDS II, to-wit, Methamphetamine, Second Offender Status.” We therefore affirm the court of appeal’s decision to | ^reverse that specific conviction.
The appellate court, in the instant case, found that since the state erroneously charged a non-crime in the Bill of Information, the entire bill should be quashed. They reasoned that since this Court in Skipper affirmed the quashing of the entire Bill of Information, and did not sever the past crime from the bill and quash merely that portion of it as we did in State v. Coody, 448 So.2d 100 (La.1984), then we “apparently agreed that both charges should be quashed. Robertson, supra at 527.
However, in Skipper we simply affirmed the trial court’s remedy of quashing the entire Bill of Information in the pretrial stage. We did not suggest that it was the only remedy available in all stages of the proceeding. In fact, in footnote 23 of our opinion we specifically left the door open to the possibility that under some circumstances, particularly those outside of a pre-trial posture, a faulty bill of information could be found harmless error after trial, remedied by proper limiting instructions to the jury during trial:
Due to the pre-trial procedural posture of this case, we are not called upon here to discuss the applicability of a harmless error analysis under State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, or the possible ameliorative effects of a limiting instruction post-Green, to circumstances in which a prior offense was listed in the charging instrument, read to the jury and of which evidence was presented at trial.
Skipper supra at 416 n. 23.
In the pretrial stage, Skipper authorizes the remedy of quashing the bill of information. However, the present case, like Ruiz and unlike Skipper, is not in the pretrial stage, but is instead in a post-trial posture. As we noted in Ruiz, such a posture mandates a different analysis. Ruiz, supra at 85.
Due to defendant’s conviction of the non-crime charged, he was necessarily exposed to a conviction of La. R.S. 40:983, a lesser and included responsive offense.[8] La.C.Cr.P. Art. 815 provides that in all *171 cases not covered by La.C.Cr.P. Art. 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony and the lesser offense a misdemeanor; or
(3) Not Guilty.
Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. State v. Simmons, 01-293, p. 3 (La.5/14/02), 817 So.2d 16, 19, citing State v. Porter, 93-1106 (La.7/5/94), 639 So.2d 1137; State v. Dufore, 424 So.2d 256 (La.1982); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982).
In the present case, a conviction of “Creation and Operation of a Clandestine Laboratory for The Unlawful Manufacture of CDS II, to-wit, Methamphetamine, Second Offender Status,” necessarily includes the “lesser and included grade of the offense” as set forth in La.C.Cr.P. Art. 815. One cannot be found guilty of Creation and Operation of a Clandestine Laboratory for The Unlawful Manufacture of CDS II, to-wit, Methamphetamine, Second Offender Status, without the jury finding that the defendant was indeed engaged in the creation and operation of such a laboratory.
It is well settled in Louisiana that when a court of this state reverses a conviction for insufficiency of the evidence, it may enter a conviction for any lesser and included responsive offense in lieu of granting a post verdict judgment of acquittal. La.C.Cr.P. Art. 821(E). Consequently, evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense. Simmons, supra at 19.
Likewise, while we vacate the conviction of “Creation and Operation of a Clandestine Laboratory for The Unlawful Manufacture of CDS II, to-wit, | RMethamphetamine, Second Offender Status,” due to its non-crime status, we may enter a conviction of a violation of La. R.S. 40:983 due to its status as a lesser and included responsive offense.
HARMLESS ERROR
In its second assignment of error, the state argues that the court of appeal also erred when it failed to apply a harmless-error analysis. We agree.
Having determined it was error to place the other-crime information in the Bill of Information, and having severed the non-crime from the conviction, we must determine whether the error was structural or trial in nature. If the error is structural, then the entire trial was faulty and no conviction should stand, including one for the lesser offense of violation of La. R.S. 40:983. Arizona v. Fulminante, 499 U.S. 279, 306-311, 111 S.Ct. 1246, 1263-1265, 113 L.Ed.2d 302 (1991). However, if the error is a trial error, then we apply a harmless-error analysis to determine whether that error was harmless beyond a reasonable doubt. State v. Johnson, supra at 100.[9] If we find that the error is indeed a trial error, and after a harmless-error analysis we find that the error was harmless beyond reasonable doubt, then the conviction of the lesser and included offense may be entered.
This Court in Ruiz specifically found that the error of charging a violation of La. R.S. 40:982 in the Bill of Information would not constitute a “structural error” rendering the entire trial unfair. Ruiz, 06-1755, p. 7-8, 955 So.2d 81, 86. The Court reasoned:
*172 Unlike those defects found by the United States Supreme Court to constitute structural error, the erroneous treatment of La.Rev.Stat. 40:982 as a substantive element of the offense, thus placing the defendant’s prior offenses in the charging instrument and before the jury, does not necessarily render the criminal trial fundamentally unfair or an 1 ^unreliable vehicle for determining guilt or innocence. Thus, it does not rise to the level of a structural error. Moreover, this court has held for some time that where other crimes evidence is erroneously admitted, this trial error is subject to harmless error analysis. State v. Johnson, 94-1379, p. 17 (La.11/27/95), 664 So.2d 94,102.
* * *
The erroneous introduction of evidence of other crimes is a trial error, which may be qualitatively assessed in the context of the other evidence to determine whether its admission was harmless beyond a reasonable doubt. Johnson, 94-1379 at p. 15, 664 So.2d at 101. We find no support for the defendant’s argument that the erroneous treatment of La.Rev. Stat. 40:982 as a substantive offense, thus placing allegations of the defendant’s prior offenses in the charging instrument and before the jury, should be treated as a structural error warranting automatic reversal.
Ruiz, supra at 86.
Justice Kimball argued in her concurrence in Ruiz that any language in the opinion that addressed the merits of that case was merely dicta, as the contemporaneous objection rule limited our discussion of the merits. Ruiz, supra at 89-90 (KIMBALL, J., concurring.) However, unlike Ruiz, Robertson objected to the improper Bill of Information, thus preserving the error. Therefore, in order to clear up any doubt, we now affirm our language in Ruiz: the erroneous treatment of La. R.S. 40:982 is a trial error and not a structural error. As a trial error, it is subject to harmless error analysis.

HARMLESS ERROR ANALYSIS

The question that must be asked in a harmless-error analysis is whether the guilty verdict “was surely unattributable to the error.” State v. Johnson, supra at 102; Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). In this case, we find beyond a reasonable doubt that the guilty verdict was surely unattributable to the error.
We note that had the prior crime not been placed in the Bill of Information, it would still have been admitted into evidence during the course of the trial. Officer Gralapp would have been allowed to testify concerning defendant’s prior convietion [inand probation/parole status in order to show why he was at defendant’s residence at the time of defendant’s arrest. La. C.E. Art. 404(B)(1) provides that evidence of other crimes may be permitted “when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” This, of course, is the res gestae rule, which was incorporated into Louisiana’s Code of Evidence. See Frank L. Maraist, Evidence And Proof 19 La. Civ. L. Treatise § 10.4. This court recently observed that,
“under the rule of narrative completeness incorporated in the res gestae doctrine ‘the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant’s legal fault.’ ”
*173 State v. Taylor, 01-1638, p. 12, 13 (La.1/14/03) 838 So.2d 729, 743; (citing, Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)) The state was entitled to offer evidence of the prior conviction in order to allow the state to offer a complete narrative of the events, including why defendant was on probation and why Officer Gralapp suspected a large fan in defendant’s bedroom window was being used for the production of methamphetamine.
La. C.E. Art. 404(B)(1), in addition to incorporating the res gestan rule, also provides that evidence of other crimes may be admitted to show “proof of motive, opportunity, intent, preparation, plan, identity, absence of mistake or accident.” In the instant case, one of defendant’s main contentions at trial was that while the ingredients may have been found in his room, he did not have the intent to create a methamphetamine lab. Since intent to create a methamphetamine lab was an issue at trial, the state had the right to put on evidence to establish defendant’s intent and evidence of his prior conviction was clearly admissible for that purpose.
Further the jury instructions given to the jury by the trial court served to mitigate any error caused by the Bill of Information. The trial court judge gave the Injury very detailed limiting instructions clearly informing them of the purposes for which they could consider the prior conviction:
The limited purpose of receiving evidence of other crimes for this case is to prove the commission of similar offenses for the purpose as showing guilty knowledge and intent, but not to prove the intent ... offense charged. The defendant can not be convicted of any charge except as in, as in the bill of information or responsive thereto. The defendant’s prior convictions may only be considered for the jury for the purpose of sentence enhancement. A prior conviction cannot be considered as evidence of guilty on the defendant’s present charge. In this case the defendant is charged with a second offense. Therefore, to find that the defendant [is] guilty of second status you just find beyond a reasonable doubt that the defendant has a prior felony drug conviction. The defendant is charged with the creation and operation of a clandestine laboratory for the unlawful manufacture of CDS, Schedule II, to-wit, methamphetamine. Second offender status in violation of LA ... SA R.S. 40:983(A)(3) and, 40:982 in that he did knowingly or intentionally create and/or operate a clandestine laboratory for the unlawful manufacture of a controlled dangerous substance classified as Schedule II as set for[th] in LSA R.S. 40:964, to-[wit], methamphetamine. And that on the 21st day of April 2003 said accused pled guilty to a charge of possession of CDS, Schedule II, to-wit, methamphetamine, under docket number 39,730 in the Eighth Judicial District Court, Parish of Winn, State of Louisiana, contrary to the laws of the State of Louisiana against the peace and dignity of the same.
Jury instructions like this have been recognized by this court to mitigate any harm caused by the admission of other crimes evidence. See State v. Jackson, 301 So.2d 598 (La.1974) Further, defense counsel, in his closing argument, advised the jury as to the proper consideration of the other crimes evidence presented.
Considering that the State would have been allowed to present evidence of the other crimes as part of its narrative and as evidence of intent, and that the trial court gave the jury specific limiting instructions, we find the error was harmless beyond a reasonable doubt.
*174 CONCLUSION
In conclusion, we find that the court of appeal was correct under Skipper to reverse the conviction of the non-crime. However, the court of appeal erred when it 11 preversed the entire conviction post-trial and not merely the erroneous portion. As to the effect of the error on the conviction of the lesser and included offense, we reiterate our holding in Ruiz that the error of placing prior crimes in the bill of information is not a structural error, but instead a trial error subject to harmless error review. Having applied that analysis, and finding beyond a reasonable doubt that the error was indeed harmless error, we enter a conviction of the lesser and included offense of a violation of La. R.S. 40:983 and remand for sentencing.
As we noted in Skipper, supra at 415, “... we hold that La. R.S. 40:982 is a sentencing enhancement provision which must be implemented after conviction similar to La. R.S. 15:529.1.” Nothing in our holding today prevents the trial court from sentencing defendant in accordance with La. R.S. 40:982.
DECREE
For the reasons stated herein, we affirm the decision of the court of appeal in part, reverse in part, and enter a verdict of guilty of the offense of violation of La. R.S. 40:983, “Creation and Operation of a Clandestine Laboratory for The Unlawful Manufacture of CDS II, to-wit, Methamphetamine.” This case is remanded to the trial court for sentencing in accordance with La. R.S. 40:982.
Affirmed in Part, Reversed in Part, and Remanded to the Trial Court.
CALOGERO, C.J.,dissents and assigns reasons.
JOHNSON, J., concurs.

. State v. Skipper, 04-2137 (La.6/29/05), 906 So.2d 399, holding that La. R.S. 40:982 is a sentence enhancing statute and should not be placed in the bill of information.

. There is some confusion as to the date of arrest. At trial Officer Gralapp testified that he and Detective Durham visited, administered the urine test, and arrested defendant on "June 29th.” However, in the State’s brief, the State suggests that they visited and arrested defendant on April 29, 2005. The record reveals that Officer Gralapp did visit defendant on April 29, 2004, the same day he learned of his new address at 114 Allen Road. However, the visit that led to the arrest occurred on June 29, 2004.

. § 983. Creation or operation of a clandestine laboratory for the unlawful manufacture of a controlled dangerous substance; definition; penalties
A. Creation or operation of a clandestine laboratory for the unlawful manufacture of a controlled dangerous substance is any of the following:
(3) The distribution of any material, compound, mixture, preparation, equipment, supplies, or products, which material, compound, mixture, preparation, equipment, supplies, or products have been used in, or produced by, the unlawful manufacture of a controlled dangerous substance.

. § 982. Second or subsequent offenses
A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender’s second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
B. For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs.

.We note that here, unlike in State v. Senegal, 06-1351 (La.9/28/07), 965 So.2d 386, the defendant did file a motion to quash and thereby preserved the error for our review.

. State v. Senegal, 05-1633 (La.App. 3 Cir. 5/24/06), 931 So.2d 450 and State v. Robertson, 06-167 (La.App.3 Cir. 5/31/06), 931 So.2d 523, finding any reference to La. R.S. 40:982 in the bill of information to be problematic and the resulting harm irreparable by any means short of vacating the convictions altogether and ordering a new trial.

. State v. Ruiz, 06-30 (La.App. 3 Cir. 5/24/06), 931 So.2d 472, finding the inclusion of La. R.S. 40:982 in the bill of information and the resulting admission of other crimes evidence at trial to be problematic but reparable by vacating the convictions for second or subsequent offenses and reducing the convictions on appeal to a first offense violation after finding that the conviction otherwise survived harmless-error analysis of the Skipper violation.

. The jury in the instant case was given the following options on its Verdict Form:
[ ] Guilty as charged
[ ] Guilty of Creation and Operation of a Clandestine Laboratory
[ ] Not Guilty
"Guilty as charged” was checked and the form was signed and dated by the Foreperson.

. VICTORY, J., concurring in part and dissenting in part on other grounds