NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-264

STATE OF LOUISIANA

VERSUS

TIMOTHY E. ROBERTSON

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 04-575
HONORABLE PEYTON CUNNINGHAM, PRESIDING JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

AFFIRMED.

Richard E. deVargas
Attorney At Law
506 Front Street
Natchitoches, LA 71457
(318) 354-8222
Counsel for Defendant/Appellant:
    Timothy E. Robertson

James Patrick Lemoine
District Attorney
Jimmy D. White
Assistant District Attorney
P. O. Box 309
Colfax, LA 71417-0309
(318) 627-3205
Counsel for Plaintiff/Appellee:
    State of Louisiana

**DECUIR, Judge.**

Defendant, Timothy E. Robertson, was charged by amended Bill of Information on January 14, 2005, with creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine, second offense status, in violation of La.R.S. 40:983(A)(3) and 40:982. A jury found Defendant guilty as charged, and Defendant was sentenced to twenty-five years imprisonment at hard labor.

Defendant appealed and his conviction was overturned by this court. *State v. Robertson*, 06-167 (La.App. 3 Cir. 5/31/06), 931 So.2d 523. On writ of certiorari filed by the State, the Louisiana Supreme Court affirmed this court's decision in part, reversed in part, and entered a verdict of guilty of the lesser included offense of creation and operation of a clandestine laboratory, a violation of La.R.S. 40:983. The case was remanded to the trial court for resentencing in accordance with La.R.S. 40:982. *State v. Robertson*, 06-1537 (La. 1/16/08), 988 So.2d 166.

On August 28, 2008, the trial court held a hearing and resentenced Defendant to twenty-five years at hard labor to run concurrently with any other sentence then being served. Defendant then filed another motion to reconsider sentence which was denied. Defendant now comes before this court on appeal challenging the excessiveness of his sentence.

Upon review of this matter in *State v. Robertson*, the supreme court stated the facts of the case as follows:

> On April 21, 2003, defendant pled guilty to a charge of Possession of a Controlled Dangerous Substance II, to wit: Methamphetamine, under Docket Number 39,730 in the 8th Judicial District Court, Winn Parish. Defendant was subsequently sentenced to five years in the Department of Corrections, with two years suspended, and five years active probation to commence after his release from incarceration. On February 28, 2004, defendant was released from incarceration, placed on both parole and probation status, and timely reported to his probation officer, Cole Gralapp.

On April 29, 2004, defendant notified Officer Gralapp of a new address in Grant Parish. On a visit to defendant's new residence on June 18, 2004, Officer Gralapp noticed a fan in defendant's bedroom window set in such a way as to blow air through the window to the outside. This raised suspicion in his mind that this could be a ventilation fan, commonly used in methamphetamine labs.

On June 29, 2004, Officer Gralapp was working in rural Grant Parish and decided to stop by defendant's residence for the purpose of administering a urine test. In route to defendant's residence, Officer Gralapp ran into Grant Parish Sheriff's Detective Todd Durham and asked the detective to accompany him because he did not feel safe going to defendant's residence alone.

Upon arriving at the residence, Officer Gralapp administered the urine test. While waiting the few minutes necessary for the results of the test, Officer Gralapp noticed a padlock on defendant's bedroom door which prompted him to ask Detective Durham to look around the bedroom for weapons, contraband, etc. In the bedroom Detective Durham found items consistent with the production of methamphetamine. Grant Parish Sheriff's Detective Brad Sudduth was then summoned due to his expertise and certification in the investigation of methamphetamine labs. Detective Sudduth concluded that all but one of the items necessary for the production of methamphetamine were present. Defendant was then placed under arrest.

*Id.* at 167-68.

## ASSIGNMENT OF ERROR:

As his sole assignment of error, Defendant challenges his sentence as excessive. He complains that the trial court imposed the maximum sentence provided under La.R.S. 40:983(A)(3) and then enhanced his sentence under La.R.S. 40:982 by imposing an additional ten years at hard labor. Defendant further asserts several mitigating factors: his conviction did not involve violence or the distribution of any narcotic; he was arrested in his home without incident; and he tested negative for the presence of narcotics at the time of his arrest. Lastly, Defendant argues that his twenty-five year sentence "was intended as nothing more than a deterrent to other

persons in the community," and that maximum sentences should be reserved for the worst kind of offenders.

In his Motion to Reconsider Sentence, Defendant did not set forth any specific grounds to support his motion stating only that his sentence was excessive. "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Accordingly, Defendant is relegated to a bare claim of excessiveness, as his arguments on appeal were not properly preserved for appellate review.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00), 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was convicted of the creation or operation of a clandestine laboratory, a violation of La.R.S. 40:983(A)(3). This offense carries a sentencing range of not less than five nor more than fifteen years, and a possible fine of not more than twenty-five thousand dollars. Because Defendant had a prior conviction of possession of methamphetamine and was on probation when arrested for the current offense, he was classified as a second offender. Thus, his sentencing exposure increased to a minimum of ten years and a maximum of thirty years, with a fine of not more than fifty thousand dollars. La.R.S. 40:982(A).

At resentencing, the trial court considered the factors under La.Code Crim.P. art. 894.1 and found an undue risk that Defendant would commit another crime during the period of a suspended sentence or probation. The trial court further observed that Defendant was in need of both correctional treatment and a custodial environment which can be provided most effectively by his commitment to an institution, and that a lesser sentence will deprecate the seriousness of Defendant's crime.

4

Louisiana jurisprudence holds that "the clear intent of LSA-R.S. 40:982 is to punish repeat drug offenders. The statute clearly provides that a person 'convicted of any offense under this part' is subject to enhancement." *State v. Sarrio*, 01-543, p. 20 (La.App. 5 Cir. 11/27/01), 803 So.2d 212, 225, *writ denied,* 02-358 (La. 2/7/03), 836 So.2d 86. The trial court determined that an enhanced sentence was appropriate in this case, and we find no abuse of the court's broad sentencing discretion in that decision. Further, twenty-five years at hard labor for this second offender is not grossly disproportionate to the seriousness of the crime nor does it shock one's sense of justice.

As we find no error patent on the face of the record and no error in the sentence imposed, Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.