# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-837


**STATE OF LOUISIANA**

**VERSUS**

**KWALAN D. RUBIN**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12870-16
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and Jonathan W. Perry, Judges.


**CONVICTIONS AND SENTENCES VACATED;
REMANDED FOR A NEW TRIAL.**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kwalan D. Rubin**

**John F. DeRosier**
**Fourteenth Judicial District Attorney**
**Charles Robinson**
**Ross Murray**
**Karen C. McLellan**
**Elizabeth B. Hollins**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GREMILLION, Judge.**

Defendant, Kwalan D. Rubin, was charged by an amended bill of indictment with five offenses.[1] Almost two years later, the State filed an amended bill of information charging Defendant with two counts of armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3. By a jury vote of eleven to one, Defendant was found guilty as charged. On each count, the trial court sentenced him to twenty years in the Louisiana Department of Corrections without the benefit of probation, parole, or suspension of sentence. He is before this court appealing his convictions.

## FACTS

In the early morning hours of March 5, 2016, three armed individuals entered the Cash Magic Casino in Iowa, Louisiana, and took money from the cashier desk while security guard, Calvin Sylvester, and cashier, Jimmie Marlene Savoie, were working. Cash close to the estimated amount stolen was found in the trunk of Defendant's car and blood found on the cash was determined by DNA testing to be Defendant's blood. Items believed to have been used in the robbery, including the guns, were found either inside Defendant's vehicle or near it.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is an error patent raised and discussed in Defendant's assignments of errors relating to the requirement of a unanimous jury verdict. This error, which requires Defendant's convictions and sentences to be set aside and the case remanded for a new trial, will be the only one discussed as it renders the remaining assignments of error moot.

---

[1]An original charging instrument is not contained in the record. The amended bill of indictment bears the same filing date that the grand jury returned the true bill, June 16, 2016, and this is the first minute entry appearing in the record.

**UNANIMOUS JURY VERDICT**

Defendant contends that the verdicts in his case must be set aside because they were not returned by a unanimous jury in violation of the Equal Protection Clause of the Fourteenth Amendment and the right to a trial by jury set forth in the Sixth Amendment of the United States Constitution. The Supreme Court recently ruled to this effect, overruling a Louisiana Supreme Court ruling that upheld a non-unanimous verdict. *Ramos v. Louisiana*, 590 U.S. ___, ___ S.Ct. ___ (2020) (Slip Op.)[2] A detailed analysis is unnecessary; although the concurring justices did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permitted under the Sixth Amendment to the Constitution, and said prohibition applies to the states through the Fourteenth Amendment. (Slip Op. at p. 26; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ.)[3]

Further, the opinion recognizes, without explicitly stating, that its ruling will apply to cases pending on direct review. (Slip op. at 22-23.) Justice Kavanaugh's concurrence states this explicitly. (Slip op. at 15-17.)[4] Such review is in keeping with this state's jurisprudence. *State v. Ruiz*, 06-1755 (La. 4/11/07), 955 So.2d 81. As the current case is still in the process of direct review, *Ramos* applies and, therefore, requires that Defendant's convictions via non-unanimous verdict be reversed. This case is remanded for a new trial. Defendant's remaining assignments of error, all which challenge his convictions, are rendered moot by the necessity of vacating Defendant's convictions and sentences.

---

[2]The opinion appears in the Westlaw database at 2020 WL 1906545.

[3]Each concurrence has its own sequence of page numbers.

[4]*See* footnote 2; Judge Kavanaugh's concurrence is the second one published.

**DECREE**

Defendant's convictions and sentences for armed robbery with a firearm are vacated, and the case remanded for a new trial.

**CONVICTIONS AND SENTENCES VACATED;
REMANDED FOR A NEW TRIAL.**